In the Matter of the Correction and Completion of the Registry of Electors in the FOURTH ELECTION DISTRICT OF THE THIRD WARD OF THE CITY OF ALBANY, N. Y., for the General Election to Be Held on the 7th Day of November, 1933.*

JOHN CLARK and Another, as Members of the Board of Inspectors of Election, etc., Appellants.

SAMUEL VENER and Another, as Members of the Board of Inspectors of Election, etc., Respondents.

In the Matter of the Correction and Completion of the Registry of Electors in the FIRST ELECTION DISTRICT OF THE FOURTH WARD OF THE CITY OF ALBANY, N. Y., for the General Election to Be Held on the 7th Day of November, 1933.†

JOHN SHAEFER and Another, as Members of the Board of Inspectors of Election, etc., Appellants.

FRED BERNAU and Another, as Members of the Board of Inspectors of Election, etc., Respondents.

In the Matter of the Correction and Completion of the Registry of Election in the FOURTH ELECTION DISTRICT OF THE FIFTH WARD OF THE CITY OF ALBANY, NEW YORK, for the General Election to Be Held on the 7th Day of November, 1933.‡

JAMES PERRINE and Another, as Members of the Board of Inspectors of Election, etc., Appellants.

JOSEPH PIOMBINO and Another, as Members of the Board of Inspectors of Election, etc., Respondents.

In the Matter of the Books of Registry of the FIRST ELECTION DISTRICT OF THE FOURTEENTH WARD IN THE CITY OF ALBANY, N. Y., for the Election to Be Held November 7th, 1933.§

ELIZABETH HANIFAN and Another, as Members of the Board of Inspectors of Election, etc., Appellants.

WILLIAM L. WAGNER and Another, as Members of the Board of Inspectors of Election, etc., and Another, Respondents.

In the Matter of the Correction and Completion of the Registry of Electors in the FOURTH ELECTION DISTRICT OF THE FOUR-TEENTH WARD OF THE CITY OF ALBANY, N. Y., for the General Election to Be Held on the 7th Day of November, 1933.‖

* Affd., 262 N. Y. 710; † affd., Id. 711; ‡ affd., Id. 712; § modfd., Id. 713; ‖ affd., Id. 714.

HAROLD CONROY and Another, as Members of the Board of Inspectors of Election, etc., Appellants.

MAURICE ELMENDORF and Another, as Members of the Board of Inspectors of Election, etc., and Another, Respondents.

Third Department, November 1, 1933.

*Charles J. Duncan* [*Robert E. Whalen* of counsel], for the appellants.

*Borden H. Mills* [*Frank L. Wiswall* of counsel], for the respondents.

RHODES, J.   It is sought by these proceedings to strike from the registration books the names of certain persons without notice to them.

The reason advanced for such requested relief is that such names have been entered on the books contrary to law.   The record does not set forth facts showing that said persons do not possess the required qualifications to entitle them to be registered and to vote.   The petition simply alleges that said persons were not entitled to be registered; that upon applying for registration they were challenged; that thereupon the statutory procedure was not followed; that the applicant in each instance "failed to satisfy a majority of the said board of inspectors of his right so to be registered," but that two of the board unlawfully entered the names on the registration books.

Section 169 of the Election Law, in case of a challenge of an applicant for registration, requires that a member of the board, after administering the oath, shall enter the answers of the applicant to specified questions on blanks provided, which affidavit shall then be signed by the applicant.   Subdivision 3 then provides that "If the applicant shall *by his answers*, satisfy a majority of the board   *   *   *   of his right to be registered," the applicant shall be registered; otherwise not, except by order of a court or judge.

It is not alleged that the applicants failed to satisfy a majority of the board by the answers to the questions in the affidavits.   It is simply alleged that the applicants failed to satisfy a majority of the board.

It seems to me this is the crux of the matter.

Notwithstanding the changes in the law since the case of *People ex rel. Stapleton* v. *Bell* (119 N. Y. 175), I think the members of the board remain simply ministerial officers.   As pointed out in the above case, if the inspectors may pass judicially on the right of an applicant, "that would permit of an elector's rights being adjudged away and himself *disfranchised, and on only such evidence as the statute prescribes*."   The court quoted with approval from *People ex rel. Smith* v. *Pease* (30 Barb. 588): "They cannot summon witnesses or impanel a jury or give the parties interested a hearing.

They can examine the proposed elector upon his oath, and there their power and means of judicial investigation cease." I appreciate that in the above cited cases the question referred to voting and not to registration, but the principles therein enunciated seem controlling.

We are confronted with a situation where the proceedings of the board are alleged to be irregular and illegal. This may be granted; nevertheless, these facts should not betray us into attempted assumption of authority, not conferred by the Legislature upon us, and not inherent in our office.

The facts remain that the names of the registrants in question appear on the books; it does not appear that they are not qualified voters; the law provides a method of removing such names if they are improperly registered, such method requiring notice to the board and the registrant. (See Election Law, § 331.)

I am unable to find any authority for the order appealed from, and, therefore, recommend that it be reversed upon the law and the facts, and that the application be denied.

McNAMEE, BLISS and HEFFERNAN, JJ., concur; HILL, P. J., dissents, with a memorandum, written concerning the fourth election district of the fifth ward, but applicable to all, and votes to affirm.

HILL, P. J. (dissenting). The names of about forty-five persons appear upon the copies of the registers kept by the two Democratic members of the board of inspectors in the fourth election district of the fifth ward in Albany and do not appear upon the copies kept by the Republican members. The Republican members at the close of registration refused to sign the books kept and prepared by the Democratic members, and the Democratic members likewise refused to sign those of the Republican members. The latter applied at an Albany term of the Supreme Court for an order striking the names from the books kept by the Democratic members. The court granted the order; this is the appeal therefrom. The application was made on a written and verified petition. The order was granted thereon after the filing of an affidavit presented by the Democratic inspectors and after oral argument had been made by counsel representing each group of inspectors. The petition recites: " That on the 13th and 14th days of October, 1933, those being the first days of registration in said district, a large number of persons presented themselves for registration as qualified voters in said district whose names appear on Schedule ' A ' hereto attached. That the said persons were duly and properly challenged and that your petitioners thereupon filled out a challenge affidavit for each person so challenged, and that thereafter a majority of the Board not being satisfied, in compliance with section 169, subdivision 3 of the Election Law, that the said persons

so challenged were legally entitled to register, your petitioners did not enter their names on their respective registers of voters.

" That notwithstanding the challenges or the fact that a majority of the Board was not satisfied that the persons so challenged were entitled to register, Perrine and Lupo, Democratic members of the Board of Registry of said District, entered their names upon their respective registers."

The answering affidavits allege: " that none of the persons mentioned in Schedule ' A ' of the petitioners moving papers were duly challenged; that neither the persons who were attempting to challenge the persons named in Schedule ' A,' nor any member of the Board of Registry, nor any other person, pointed out to any of the persons so attempted to be challenged, the qualifications which he lacked as a voter."

The appellants ask a reversal on the grounds that the petition " does not allege that any of the applicants for registration were challenged ' by any qualified voter or watcher ' or ' by an inspector or member of such board,' " and further that it appeared the board did not point out to any registrant the qualifications which it was claimed he lacked; and that the above quoted portions of the petition are conclusions and do not support and justify the order.

Inspectors of election may not act individually. " The inspectors shall act as a board and a majority thereof shall decide questions." (Election Law, § 160.) Section 159 directs the manner and furnishes the means by which a full membership may always be had. Section 169 governs challenges. Thereunder the board is given judicial powers.

" If the applicant shall by his answers, satisfy a majority of the board of inspectors  *  *  *  of his right to be registered, they shall register his name as a voter; if not, they shall point out to him the qualifications which he lacks as a voter and shall not register his name except by order of a court or a judge of competent jurisdiction."

Two members of this board of four certify, and by their acts indicate, that they were not satisfied of the rights of any of these persons to be registered. Thus a majority of the board did not act and the persons are not registered and their names were improperly upon the books of the two inspectors. " Any voter to whom registration unlawfully has been refused " (§ 331) may have recourse to the courts for relief and his name thereby placed upon all the registry books.

Such procedure makes for orderly and legal elections.

I favor an affirmance of the order.

Order reversed, on the law and facts, and proceedings dismissed.