In the Matter of STEPHEN RENTZ, Petitioner, against ELIZABETH GAUNAY et al., Respondents.

Supreme Court, Special Term, Albany County, November 2, 1942.

*Borden H. Mills* for petitioner.

*George W. Foy* and *M. Michel Dobris* for respondents.

BERGAN, J.   The proceeding is by a Republican member of a board of registry against the Democratic members of the board, to compel conformity of the register of voters in an election district with that made up by the Republican members of the board.   The books of registry made up by the inspectors representing the two political parties differ.   The Republican members have entered four names on their books not appearing on the books of the Democratic members; the Democratic members have entered one name not appearing on the books of the Republican members.

The questions raised affect the procedure to be followed by boards of registry in an election district where personal registration is not required. The procedure in respect of registration in such a district differs radically from that followed in larger communities where personal registration is required.

The procedure is plain and explicit and boards of registry are required to follow it.   It is provided by section 155 of the Election Law (Cons. Laws, ch. 17).   The inspectors are required to place upon the register the names of all the persons who voted at the last general election, except those voters who are "proven to the satisfaction of such inspectors to have ceased to be voters in such district since such general election."   They are also required to place on the register the names of other persons "known or proven to the satisfaction of the inspectors to be   *   *   *   entitled to vote at such election."   The statute provides further (§ 160) that "the inspectors shall act as a board and a majority thereof shall decide all questions."

Therefore it follows that where a person has voted at the last election in the district his name must be placed upon the registry of all the books of the inspectors unless at least three members of the board vote that it shall not be so placed thereon.   And it also follows that the name of a person who did not vote at the last election cannot be placed upon any book of registry unless at least three of the members of the board vote that it should be so placed thereon.   The inspectors should be guided in the votes so given by whether they are satisfied of the residence and qualifications of the proposed registrant.

The remedy of the voter whose name is not so placed upon the registry is to apply personally to register and, if he is challenged, to fill up the challenge affidavit, which, if it shows on its face that he will be entitled to vote in the district, requires that he be registered. (*Matter of 4th Election District of 3rd Ward, Albany,* 239 App. Div. 135; affd., 262 N. Y. 710.) If his registration is still declined, he may compel it by a judicial proceeding. (Election Law, § 331.)

The remedy against a person whose name is continued from the preceding election, but who is no longer entitled to vote in the district, is that any voter may institute a proceeding to strike his name from the registry, giving due notice to the board, and, it has been held (*Matter of 4th Election District, supra*), to the registrant. Such a voter may also be challenged at the election.

Therefore, while the automatic continuance of names on registry books in districts where nonpersonal registration applies does not necessarily entitle the person so registered to vote in that district if he is not in fact entitled to vote there, the board must enter his name on the complete register even if two of the members of the board are not satisfied he should vote in the district, since the statute provides that the name must be continued unless a majority of the board votes to the contrary; and conversely a person who did not vote in the district in the previous election cannot be placed on any register unless a majority of the board so decides, even if two members are satisfied that he is qualified, unless he personally registers.

The practice of some inspectors placing names on one set of books not appearing on others is wholly without justification, and it is plainly the intent of the Election Law that all of the members of the board must make the entries on their books following the command of the statute.

The registrants Walter J. Shula, Joan Shula and Julia Bessmer, having voted in the district in the last general election and a majority of the board not having declined again to register them, are entitled to registration in this district. If they do not presently reside in the district they are subject to challenge and they were subject to proceedings under section 331 of the Election Law. Without notice to Bessmer this proceeding cannot be deemed to be in conformity with that section as to her. Issues as to residence are to be settled in accordance with law and not through an internal controversy in a board of registry as to whose name may go on the registry.

There is some proof in this record that both Mrs. Shula and Mrs. Bessmer have moved from the district. If that is the fact they would not be eligible to vote in the district, but, under the statutory provisions peculiar to nonpersonal registration districts it is quite clear that their registration is proper in view of their having voted in the district in the last general election, the majority of the board not concurring in the conclusion that they no longer reside there.

The name of Adella Drake, who did not vote at the last general election, in the absence of personal registration and failure to have the concurrence of a majority of the board, should not be on any of the books of registry. If she is actually entitled to vote and shows that she is qualified by residence, she may apply for relief under subdivision 2 of section 331 of the Election Law. The name of Delmer Drake, who is in the United States Marines, creating a disability to act for himself in respect of registration, shall be left on the register. His absence in the armed service seems to me to create an emergency not applicable to the civilian registrant.

While an application to compel registration under section 331 of the Election Law must be instituted by the voter himself, this petitioner as a member of the board has a sufficient interest in the procedure followed by the board to compel its obedience to the statute by a proceeding in the nature of mandamus under article 78 of the Civil Practice Act. This does not mean that inspectors of election may institute proceedings on behalf of voters to compel registration under section 331 of the Election Law.

Submit final order.