In the Matter of The People of the State of New York, Petitioner, against John Gates, Respondent.

Supreme Court, Special Term, Queens County, November 7, 1949.

*Nathaniel L. Goldstein, Attorney-General (Irving Pinsky* of counsel), for petitioner.

*Unger, Freedman & Fleischer* for respondent.

Hallinan, J.  Proceeding under section 331 of the Election Law to strike from the register of voters of the Fortieth Election District of the county of Queens the name of John Gates.

According to a certified copy of a judgment and commitment of the United States District Court for the Southern District of New York, attached to the moving papers, said John Gates was duly convicted of " unlawfully, wilfully & knowingly conspiring to organize as the Communist Party of the U. S. of America a society, group and assembly of persons who teach & advocate the overthrow & destruction of the Government of

the U. S. by force and violence & knowingly & wilfully to advocate and teach the duty and necessity of so overthrowing and destroying the Government of the United States. T. 18 Sec 11 & 13 USC ''; and that he was committed for imprisonment for a period of five years and fined $10,000, said '' Defendant to stand committed until fine is paid or he is otherwise discharged by due course of law.''

Subdivision 4 of section 152 of the Election Law of the State of New York provides as follows: '' No person who has been convicted of a felony in a federal court of an offense of which such court has exclusive jurisdiction, shall have the right to register for or vote at any election unless he shall have been pardoned or restored to the rights of citizenship by the president of the United States.''

There is no question that the conviction of said John Gates as hereinbefore described comes within the purview of the foregoing statute and that inasmuch as he has not been pardoned or restored to the rights of citizenship by the President of the United States, he is ineligible to vote at the election to be held on November 8, 1949. He urges, however, that inasmuch as his conviction occurred subsequent to the time he registered, and when he registered he was a person entitled to do so under the law, the proceeding herein invoked is jurisdictionally defective and that the proper procedure is for the board of inspectors of the election district involved to challenge his right to vote when he presents himself for such purpose at the polls.

I cannot agree with this view, inasmuch as he is clearly ineligible to vote at the ensuing election, and it would be futile to permit his name to remain on the register when now, by reason of his conviction of a felony, he is no longer entitled to vote. While a person not entitled to vote may be challenged at the polls, it does not follow that his name cannot be stricken from the register in advance upon notice and upon due proof of his ineligibility. Such was the view of Mr. Justice BERGAN in *Matter of Rentz* v. *Gaunay* (179 Misc. 156, 158), where he held that in addition to being challenged at the polls '' The remedy against a person whose name is continued from the preceding election, but who is no longer entitled to vote in the district, is that any voter may institute a proceeding to strike his name from the registry, giving due notice to the board * * *.'' Unless this were so there would be no purpose to that part of subdivision 1 of section 331 of the Election Law which permits a proceeding to be instituted by any voter for an order directing

" to be stricken from the register any name unlawfully thereon
* * *." The provision in subdivision 1 for the reconvening
of the board of inspectors of election " *if necessary* " (italics
mine) has no applicability here since it is not necessary to
reconvene such board in order to strike respondent Gates' name
from the roll of voters because of his conviction of a felony
within the purview of subdivision 4 of section 152 of the
Election Law.

It follows that the petition must be granted. Submit order.