ST. JOSEPH TOWNSHIP *v.* MUNICIPAL
FINANCE COMMISSION.

1. Administrative Law—Findings of Fact—Stipulations.

Order of municipal finance commission denying township's petition for approval of a special assessment bond issue for purpose of defraying cost of a fire department building and equipment was not invalid for lack of findings of fact, where it has been stipulated by both parties that no facts were in dispute (CL 1948, § 132.3).

2. Elections—Townships—Registration—Publication of Notices.

Provisions of the election law requiring the publication of registration notice not less than 10 days in advance of the last day for registration for "any election or primary election" applies to a township special election held for the purpose of approving the issuance of bonds for obtaining fire protection equipment and housing therefor (CLS 1956, § 41.801 *et seq.*; §§ 168.497, 168.498).

3. Same—Special Elections—Registration—Notice.

Adherence to statutory requirements as to registration and notice is generally more strictly required in the case of special elections than in relation to general elections (CLS 1956, §§ 168.497, 168.498).

4. Same—Defect—Courts.

The defect or irregularity which warrants a court in holding an election void is generally held to be one which goes to the integrity of the electoral process, or one which can be said to have affected the result of the election.

---

References for Points in Headnotes

[1] 50 Am Jur, Stipulations §§ 8, 9.
[2, 3] 18 Am Jur, Elections §§ 87, 108.
[4] 18 Am Jur, Elections § 107.
[4, 5] 18 Am Jur, Elections § 110.
[6] 50 Am Jur, Statutes § 579.
[7] 48 Am Jur, Special or Local Assessments § 9.
[8] 48 Am Jur, Special or Local Assessments § 21.
[9] 48 Am Jur, Special or Local Assessments § 29.

5. SAME—SPECIAL ELECTION—TOWNSHIP FIRE PROTECTION BOND IS-
   SUE—NOTICE OF REGISTRATION—RESULT.

   Procedural defect whereby there was a failure to publish notice
   of registration 10 days or more before the holding of a special
   election on bond issue for purchase of fire-protection equipment
   and housing therefor *held*, insufficient to invalidate election
   whereby there was an approving vote of 325 to 57, the record
   does not disclose that a single voter who might otherwise have
   registered and voted in the election had been deprived of his
   vote and there is no averment or showing that the result was
   affected by the defect (CLS 1956, § 41.801 *et seq.*; §§ 168.497,
   168.498).

6. TOWNSHIPS—FIRE PROTECTION—SPECIAL ASSESSMENT DISTRICT—
   STATUTES.

   There was implied authority for organizing as a special assess-
   ment district of· a township all of the land located therein,
   where a specific prohibition against doing just that was repealed
   and not re-enacted in new township fire protection. act (CL
   1948, § 41.316a, as repealed by PA 1951, No 33).

7. SAME—FIRE  PROTECTION.—SPECIAL  ASSESSMENT—DISTRIBUTION
   OF BURDEN.

   A special assessment upon all land of a township to provide fire
   protection did not constitute a tax thereon, where the township
   was empowered by statute to provide fire protection, personal
   property was not included, and it is designed pursuant to a
   definite plan to distribute the burden justly (CLS 1956, § 41.801
   *et seq.*).

8. MUNICIPAL CORPORATIONS—SPECIAL ASSESSMENTS—BENEFITS.

   It is an essential of a special assessment that the improvement
   concerned should be of value to the property assessed in reason-
   able relationship to the assessment.

9. SAME—SPECIAL ASSESSMENTS—DETERMINATION OF BENEFITS.

   The question of determining the area to be benefited by a public
   improvement is generally a legislative function, and such
   legislative determination, unless palpably unjust, is conclusive,
   and not subject to judicial interference unless arbitrariness,
   abuse or unreasonableness be shown, it being prohibited to
   levy assessment in excess of the benefits conferred.

10. COSTS—PUBLIC QUESTION—TOWNSHIP FIRE PROTECTION.

    No costs are allowed in proceeding to review an order of the
    municipal finance commission disapproving an issue of bonds
    by a township for procuring fire protection, public questions
    being involved (CLS 1956, § 41.801 *et seq.*; §§ 168.497, 168.-
    498).

Appeal from Municipal Finance Commission. Submitted October 11, 1957. (Docket No. 51, Calendar No. 47,066.) Decided March 6, 1958.

St. Joseph Township, Berrien County, made application for permission to issue special assessment bonds to establish fire department. Application denied. Plaintiff appeals in nature of mandamus. Reversed and remanded.

*George J. Lynch* and *Hammond & Insley* (*T. J. Hammond*, of counsel), for plaintiff.

*Thomas M. Kavanagh,* Attorney General, *Samuel J. Torina,* Solicitor General, and *G. Douglas Clapperton,* Assistant Attorney General, for defendant.

Edwards, J. In 1951 the legislature sought by PA 1951, No 33, to authorize townships in the State of Michigan to provide fire protection for their citizens by special assessments.

In 1955 the legislature amended this statute by PA 1955, No 221, to authorize the issuance of bonds in furtherance of this purpose.*

On the heels of the effective date of the amendment, October 14, 1955, plaintiff St. Joseph township, appellant in this proceeding, sought to take advantage of the 2 statutes referred to by issuing bonds and levying a special assessment to establish a fire department.

The township board, meeting on November 14, 1955, adopted a resolution calling a special election for November 30, 1955, to submit to the township voters the question of creating a special assessment district (namely, all real property in the township),

---

* See CLS 1956, § 41.801 *et seq.* (Stat Ann 1957 Cum Supp § 5.2640 [1] *et seq.*).—Reporter.

of levying a special assessment at the rate of 2 mills per year for 5 years, of issuing $50,000 of special assessment bonds, and of establishing a fire department from the proceeds.

There was no notice of registration of voters published prior to the special election.

The voters on November 30, 1955, approved the proposal by a 6-to-1 ratio.

The township officials then sought approval of their bond issue from the municipal finance commission, defendant and appellee herein, as required by statute (CL 1948, § 131.1 *et seq.* [Stat Ann 1949 Rev § 5.3188(1) *et seq.*] ). This approval was denied and, on leave granted, we entertain this appeal under the appeal provision of the municipal finance act (CL 1948, § 132.3 [Stat Ann 1949 Rev § 5.3188 (5) ] ).

Appellant states the questions for our consideration thus:

"1. Are the orders appealed from void for lack of findings of fact and conclusions of law?

"2. Is a notice of registration a prerequisite to a valid special election?

"3. Is a special assessment based on value of real property a valid apportionment of benefits of fire protection?"

On consideration of the whole record, we are persuaded that the last 2 of the questions above are the only questions considered by the commission in its decision, and, hence, together with the question pertaining to the nature of the order, represent the only questions for our review.

We will first consider whether or not, as claimed by appellant, the order is void.

The order entered is as follows:

"The municipal finance commission, acting upon the application of the township of St. Joseph, coun-

ty of Berrien, State of Michigan, for permission to issue special assessment bonds in the aggregate principal amount of $50,000 for the purpose of defraying the cost of a fire department building and equipment under the provisions of PA 1951, No 33, as amended, and having determined that the proposed bonds do not comply with the provisions of PA 1943, No 202, as amended, of PA 1951, No 33, as amended, and the election laws of the State of Michigan, does hereby deny said application."

We note that the order does indeed omit any findings of fact. This appears both logical and justifiable, since at the hearing it was stipulated by both parties that no facts were in dispute.

The order does present some conclusions of law— namely, that the township's bond proceedings were invalid for failure to "comply with the provisions of PA 1943, No 202, as amended, of PA 1951, No 33, as amended, and the election laws of the State of Michigan." Although we cannot say the order is void, we do not approve of this form since the statutes referred to encompass 240 pages and many separate requirements.

We are, however, left in no mystery by this record. After 64 transcript pages of full and courteous hearing, the chairman of the commission summarized the 2 problems presented to it and indicated that the commission's decision would hinge on answers thereto:

*"Chairman Faville:* Well, as I see the problem, Mr. Clapperton is saying that the election concerning this whole project was not a valid election, because the registration books were not open. Therefore, that although the project was approved by a substantial majority of the voters, nonetheless it didn't result in pledging the full faith and credit of the township back of the bonds because the election in which the thing was voted was an illegal election.

"That, I think, is the contention on that point, and to which you reply, Mr. Hammond, that that was unnecessary and there is no statute authorizing or requiring the registration records to be opened, and consequently the election was perfectly valid and the full faith and credit of the township is pledged.

\*   \*   \*

"That, I think, states the contentions between each of the parties as regards the validity of the election.

"The second proposition is whether or not there was a special assessment district created within the permissible authorization of the statute, or whether instead of there being a special assessment district created and a special assessment levied, what was done here amounted to a tax, an ad valorem tax.

"As I say, as I see it that comprises the 2 substantial issues which the commission has to decide."

No case precedent is presented to us upon the statutory interpretation called for pertaining to the registration problem.

Section 498 of the Michigan election law (CLS 1956, § 168.498 [Stat Ann 1956 Rev § 6.1498] ) calls for publication of registration notice not less than 10 days in advance of the last day for registration for "any election or primary election" authorized by PA 1951, No 33, as amended by PA 1955, No 221.

The preceding section, section 497, establishes the last date for registration in any "election or primary election" as 30 days preceding such election.

These provisions appear to be applicable to township special elections in the absence of any specific statutory authority to the contrary.

Such statutory authority as existed at the time of this election appears to be found in the township fire protection act (CLS 1956, § 41.801 *et seq.* [Stat Ann 1957 Cum Supp § 5.2640(1) *et seq.*] ), and, by reference, in the statutes pertaining to election of

township officers (CLS 1956, § 168.341 *et seq.* [Stat Ann 1956 Rev § 6.1341 *et seq.*] ).*

We find no statutory authority cited to us, nor do we find any contained in the statutes cited above, which appears to justify deviation from the provisions of sections 497 and 498 of the Michigan election laws cited above, in the calling of this special election under PA 1951, No 33.

The provisions referred to in sections 497 and 498 are obviously designed to secure the maximum registration possible and to thereby accomplish maximum popular participation in the electoral process, and we cannot approve any deviation from the statutory requirements.

We must, however, likewise determine whether the procedural failure referred to serves to invalidate an expression of the popular will already accomplished. In a case of special elections adherence to statutory requirements as to registration and notice is generally more strictly required than in relation to general elections. Even so, the defect or irregularity which warrants a court in holding an election void is generally held to be one which goes to the integrity of the electoral process, or one which can be said to have affected the result of the election.

In this State, permanent registration is now a part of our election law.† In this case, the record does not disclose that any single voter who might otherwise have registered and voted in this election has been deprived of his vote. Further, the vote by which the proposal carried in the township was 325 to 57.

In Cooley on Constitutional Limitations, the following principles are laid down:

* See, also, CLS 1956, § 168.358a (Stat Ann 1957 Cum Supp § 6.1358[1]), effective August 11, 1956, subsequent to the events dealt with herein.

† See CLS 1956, § 168.509, as amended by PA 1957, No 98 (Stat Ann 1957 Cum Supp § 6.1509).—Reporter.

"As the execution of these statutes must very often fall to the hands of men unacquainted with the law and unschooled in business, it is inevitable that mistakes shall sometimes occur, and that very often the law will fail of strict compliance. Where an election is thus rendered irregular, whether the irregularity shall avoid it or not must depend generally upon the effect the failure to comply strictly with the law may have had in obstructing the complete expression of the popular will, or the production of satisfactory evidence thereof. Election statutes are to be tested like other statutes, but with a leaning to liberality in view of the great public purposes which they accomplish. * * * And where a party contests an election on the ground of these or any similar irregularities, he ought to aver and be able to show that the result was affected by them." 2 Cooley, Constitutional Limitations (8th ed), pp 1396–1399.

We believe these words are applicable to the case currently before us. Since there is no showing of any effect upon the result, we do not believe we would be justified in holding this township special election invalid because of the procedural defect previously outlined. *Rosenbrock* v. *School District No. 3, Fractional,* 344 Mich 335; *Hulan* v. *Township of Greenfield,* 229 Mich 273; *Attorney General, ex rel. Harwood,* v. *Stillson,* 108 Mich 419; *People, ex rel. Hartwick,* v. *Avery,* 102 Mich 572.

The last question with which we deal in this appeal pertains to whether or not the appellant township could validly declare a special assessment district consisting of the entire township and levy a special assessment on all of the real property therein consisting of 2 mills of the assessed value.

We note at the outset at least implied legislative authority for the township to do exactly what it did.

Prior to the adoption of PA 1951, No 33, the preceding statute contained a section* which provided:

"No township board shall organize all of the land located therein into 1 special assessment district under the provisions of this act."

PA 1951, No 33, repealed this section without reenactment of its provision.

See, also, *City of Detroit* v. *Weil,* 180 Mich 593.

Appellee relies in its brief upon the claim that the special assessment herein contemplated is really a tax since it is based upon valuation and is applicable to all of the real property in the township. In this regard, appellee quotes to us the following:

"While the word 'tax' in its broad meaning, includes both general taxes and special assessments, and in a general sense a tax is an assessment, and an assessment is a tax, yet there is a recognized distinction between them in that assessment is confined to local impositions upon property for the payment of the cost of public improvements in its immediate vicinity and levied with reference to special benefits to the property assessed. The differences between a special assessment and a tax are that (1) a special assessment can be levied only on land; (2) a special assessment cannot (at least in most States) be made a personal liaibility of the person assessed; (3) a special assessment is based wholly on benefits; and (4) a special assessment is exceptional both as to time and locality. The imposition of a charge on all property, real and personal, in a prescribed area, is a tax and not an assessment, although the purpose is to make a local improvement on a street or highway. A charge imposed only on property owners benefited is a special assessment rather than a tax notwithstanding the statute calls it a tax." *Blake* v. *Metropolitan Chain Stores,* 247 Mich 73, 77

---

* See CL 1948, § 41.316a (Stat Ann 1949 Rev § 5.2639[1]).—Reporter.

(63 ALR 1386), quoting 1 Cooley on Taxation (4th ed), § 31, pp 106, 107.

We accept the above as good authority. But it is clear that we do not deal here with "the imposition of a charge on all property, real and personal, in a prescribed area." The personal property contained in this township is omitted from the special assessment. Further, we deal here with a special assessment statutorily authorized to provide fire protection. Unless the township deliberately sought for reasons which are not suggested in this record to provide fire protection for a portion of the township only, it is difficult to conceive a fairer basis for determination of benefit from the creation of a fire department than one based upon value. This Court has many times previously held:

" 'To be valid, a tax or special assessment shall be levied in accordance with some definite plan designed to bring about a just distribution of the burden. *Thomas* v. *Gain,* 35 Mich 155 (24 Am Rep 535).' *Panfil* v. *City of Detroit,* 246 Mich 149, 156." *Wood* v. *Village of Rockwood,* 328 Mich 507, 511.

We by no means desire to be understood as holding that local assessments based on valuation would be uniformly upheld. It is an essential of a special assessment that the improvement concerned should be of value to the property assessed in reasonable relationship to the assessment. Thus McQuillin, in dealing with special taxation and local assessments, writes as follows:

"The rule that a method of assessment cannot be arbitrary, and must have some relation to the benefits appears reasonable. It would seem that the legislature is competent to judge of benefits. This is assumed by the current of authority. A public improvement having been made, the question of determining the area benefited by such improvement is

generally held to be a legislative function, and such legislative determination, unless palpably unjust, is usually conclusive, and not subject to judicial interference unless arbitrariness, abuse or unreasonableness be shown. The prohibition is that special taxes or local assessments shall not be levied in excess of the benefits conferred, whether by the valuation, front foot, area, or any other method." 14 McQuillin, Municipal Corporations (3d ed), § 38.02, pp 28, 29.

We believe that there was a plain legislative intent to be found in the enactment of PA 1951, No 33, as amended, to allow townships to do exactly what this township has done. On the record presented to us, we cannot find that the special assessment was unrelated to benefits to be derived from fire protection by the real property owners of the township, or that it was so arbitrary or unreasonable as to be constitutionally objectionable.

The order of the municipal finance commission is vacated and this matter is remanded for the entry of an order in accordance with this opinion. No costs, public questions being involved.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, and VOELKER, JJ., concurred.

KAVANAGH, J., took no part in the decision of this case.