EDWARDS *v.* FLINT CITY CLERK.

1. ELECTIONS—APPOINTMENT OF ASSISTANTS BY CLERKS—REMUNERA-
   · TION.
      Appointment of assistants by city clerks to carry out the general
      provisions of the election law is authorized by statute, and
      they are not required to be paid (CLS 1961, § 168.29, as
      amended by PA 1967, No 186).

2. SAME—REGISTRATION—INTERPRETATION.
      The object of registration provisions of the election law is to
      secure maximum registration possible and thereby to accom-
      plish maximum participation in the electoral process (CLS
      1961, § 168.497, as amended by PA 1967, No 188).

3. SAME—ELECTORS—HOUSE-TO-HOUSE REGISTRATION.
      House-to-house registration of electors *held*, not illegal, absent
      a specific statutory prohibition (CLS 1961, § 168.497, as
      amended by PA 1967, No 188).

4. STATUTES—ELECTION LAW—CONSTRUCTION.
      Pertinent provisions of the election act must be considered to-
      gether to the end that the general plan and purpose of the
      law-making body be ascertained.

5. ELECTIONS—REGISTRATION—STATUTE.
   · Statutory language that no application for registration shall
      be executed at any place other than the office of the township,
      city, or village clerk, or a public place or places designated
      by him *held*, to apply during the mandatory days and hours
      when the clerk must be available at his office or other specified
      public place to accept registrations as required by statute,
      and not otherwise (CLS 1961, §§ 168.497, 168.498, as amended
      by PA 1967, No 188).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 25 Am Jur 2d, Elections §§ 39, 44.
[2] 25 Am Jur 2d, Elections § 95.
[3] 25 Am Jur 2d, Elections § 105.
[4] 25 Am Jur 2d, Elections §§ 96, 97.
[5] 25 Am Jur 2d, Elections §§ 97, 105.
[6] 26 Am Jur 2d, Elections § 369.
[7] 5 Am Jur 2d, Appeal and Error § 1009.

6. Same—Voter Qualifications—Proper Method to Challenge.

The election law affords the means of testing the qualifications of an elector both before and at elections, and it is doubtful that an action to enjoin a city clerk from conducting door-to-door registration of electors should be recognized by the courts (CLS 1961, §§ 168.512, 168.520, 168.521, 168.727–168.729).

7. Costs—Public Question—Door-to-Door Registration of Electors.

No costs are allowed on appeal from a trial court judgment enjoining a city clerk from conducting door-to-door registration of electors, a public question being involved (CLS 1961, § 168.29, as amended by PA 1967, No 186; §§ 168.512, 168.520, 168.521, 168.727–168.729).

Appeal from Genesee; Papp (Elza H.), J. Submitted Division 2 January 24, 1968, at Lansing. (Docket No. 4,945.) Decided January 25, 1968. Opinion filed February 26, 1968. Leave to appeal denied April 16, 1968. See 380 Mich 765.

Complaint by F. Robert Edwards against Lloyd Hendon, Clerk of the City of Flint; and Raymond Stedron, Carl E. Mason, Floyd McCree, William Polk, James Murphy, Harry Cull, Donald Cronin, Alton Smith and James Mitchell, Commissioners of the City of Flint, for an injunction to prevent door-to-door registration of electors. Judgment for plaintiff. Defendants appeal. Attorney General intervened. Reversed.

*Eugene E. Sordyl,* for plaintiff.

*Charles W. White,* for defendant Murphy.

*Charles A. Forrest, Jr.,* for other defendants.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Stewart H. Freeman,* Assistant Attorney General, for intervenor.

QUINN, J.  By this action, plaintiff challenges the right of defendant Hendon (Flint city clerk) to conduct a door-to-door registration of electors in Flint by the use of a group of volunteer assistants.  On January 15, 1968, at the conclusion of a hearing on an order to show cause issued on the filing of plaintiff's complaint, the trial court by oral opinion held as follows:

1. The appointment of volunteers as assistant clerks is illegal and any registrations taken by them are null and void.

2. Door-to-door registration is illegal.

3. Such registration is enjoined permanently and the clerk is ordered not to process any door-to-door registrations already taken.

The next day, defendants filed application for emergency leave to appeal to this Court and for stay of proceedings below.  The emergency is apparent from the fact that the period of registration for a special election to be held February 20, 1968, closes January 19, 1968.  Leave and stay were granted by this Court's order of January 17, 1968, which also set the matter for oral argument at Flint on January 24, 1968.  After argument and on January 25, 1968, by order before opinion, this Court reversed the trial court.  The reasons for such action could not be expressed adequately in the order and they are as follows:

CLS 1961, § 168.29, as amended by PA 1967, No 186 (Stat Ann 1968 Cum Supp § 6.1029) authorizes appointment of assistant clerks and it does not require that they shall be paid.

On the strength of the following language found in CLS 1961, § 168.497, as amended by PA 1963 (2d Ex Sess), No 10, and PA 1967, No 188 (Stat Ann 1968 Cum Supp § 6.1497):

"Except as provided in section 504 no application for registration shall be executed at any place other than the office of the township, city or village clerk or a public place or places designated by him for receiving registrations pursuant to the provisions of this act, but such clerk may in his discretion receive such application wherever he may be."

the trial court found house-to-house registration illegal. If such a result is possible, a point discussed later in this opinion, it is only possible by the most narrow construction of the statute. Such construction is contrary to the long established policy of this state. In *Attorney General, ex rel. Conely,* v. *Common Council of Detroit* (1889), 78 Mich 545, 559, 560, the Supreme Court said:

"The object of a registry law, or of any law to preserve the purity of the ballot box, and to guard against abuses of the elective franchise, is not to prevent any qualified elector from voting, or unnecessarily to hinder or impair his privilege. It is for the purpose of preventing fraudulent voting. In order to prevent fraud at the ballot box, it is proper and legal that all needful rules and regulations be had to that end; but it is not necessary that such rules and regulations shall be so unreasonable and restrictive as to exclude a large number of legal voters from exercising their franchise. Nor can the legislature, in attempting, ostensibly, to prevent fraud, disfranchise legal voters without their own fault or negligence. The power of the legislature in such cases is limited to laws regulating the enjoyment of the right, by facilitating its lawful exercise, and by preventing its abuse. The right to vote must not be impaired by regulation."

As recently as 1958, this policy was reiterated in *St. Joseph Township* v. *Municipal Finance Commission,* 351 Mich 524, 530, as follows:

"The provisions referred to in sections 497 and 498 are obviously designed to secure the maximum registration possible and to thereby accomplish maximum popular participation in the electoral process." (The section 497 referred to is Stat Ann 1968 Cum Supp § 6.1497, *supra.*)

This established policy leads us to the conclusion that absent a specific statutory prohibition, house-to-house registration of electors is not illegal.

Assuming *arguendo* that narrow construction is proper, the result reached by the trial judge is untenable. It is requisite that pertinent provisions of the act* be considered together to the end that the general plan and purpose of the law-making body may be ascertained. *Melia* v. *Employment Security Commission* (1956), 346 Mich 544. When so considered, the language "no application for registration shall be executed at any place other than the office of the township, city or village clerk or a public place or places designated by him" of CLS 1961, § 168.497, as last amended by PA 1967, No 188 (Stat Ann 1968 Cum Supp § 6.1497), *supra,* applies during the mandatory days and hours when the clerk must be available at his office or other specified public place to accept registrations as required by CLS 1961, § 168.498, as last amended by PA 1967, No 188 (Stat Ann 1968 Cum Supp § 6.1498) and not otherwise.

Although the question was not raised below nor on appeal and a decision on it is unnecessary in view of what has already been said, it seems appropriate to point out that there is serious doubt in the mind of this Court that the action here involved is an action that is, or should be, recognized by the courts of this State. Doubt that it is an action recognized

---

* CLS 1961, § 168.1 *et seq.*, as amended (Stat Ann 1956 Rev and Stat Ann 1968 Cum Supp § 6.1001 *et seq.*).

by Michigan courts arises from *Attorney General* v. *Ingham Circuit Judge* (1957), 347 Mich 579, and *Finlayson* v. *Township of West Bloomfield* (1948), 320 Mich 350. Doubt that it should be an action recognized by our courts arises from the fact that the basic inquiry on the issue of a person's right to vote is whether that person possesses the qualifications to vote, and our statutes afford the means of testing these qualifications both before and at election. See CLS 1961, § 168.512 (Stat Ann 1968 Cum Supp § 6-.1512), CLS 1961, § 168.520 (Stat Ann 1956 Rev § 6.1520), CLS 1961, § 168.521 (Stat Ann 1968 Cum Supp § 6.1521) and CLS 1961, §§ 168.727–168.729 (Stat Ann 1956 Rev §§ 6.1727–6.1729). In addition, see *In re Penney* (1935), 246 App Div 562 (282 NYS 961), and *In re Registry of Electors* (1933), 239 App Div 135 (267 NYS 744).

Reversed in all respects, but without costs, a public question being involved.

T. G. Kavanagh, P. J., and McGregor, J., concurred.