SMITH v SCIO TOWNSHIP

Docket No. 98014. Submitted December 7, 1987, at Lansing. Decided December 5, 1988.

The electors of Scio Township voted to incorporate as a charter township and voted to limit the taxing authority of the township board to less than that provided for in the charter township act. George Smith and others brought an action in the Washtenaw Circuit Court against the township and its officers and trustees to declare the election void for fraud, claiming that the tax limitation vote was ineffective and that the township would have taxing authority as provided in the charter township act notwithstanding the vote or Const 1963, art 9, § 31, the Headlee Amendment. The court, William F. Ager, Jr., J., granted judgment for defendants, holding that the vote to incorporate as a charter township was effective and that the Headlee Amendment does not apply to limit the taxing authority of a newly chartered township incorporated by vote of the electors. Plaintiffs appealed.

The Court of Appeals *held:*

1. The Headlee Amendment does not require a direct vote of the electors in order to permit a local unit of government to increase taxes where the governmental unit has the authority by law or charter to levy the increase. The Headlee Amendment does not apply to limit the taxing authority of a newly chartered township.

2. The electors may not, in or after voting to become a charter township, limit the township's taxing authority to less than five mills.

3. Where a ballot proposal contains omissions or defects

REFERENCES

Am Jur 2d, State and Local Taxation §§ 86 *et seq.,* 122 *et seq.,* 141-143.

Am Jur 2d, Municipal Corporations, Counties, and other Political Subdivisions §§ 28 *et seq.,* 51.

Am Jur 2d, Elections §§ 316 *et seq.*

See the Index to Annotations under Elections; Municipal Corporations; Taxes; Town.

likely to have misled voters as to its intent and purpose, the remedy is to void the election.

Reversed.

DANHOF, C.J., dissented. He agrees that the electors could not limit the taxing authority of the charter township board but would hold the election valid with regard to the establishment of a charter township.

1. TAXATION — HEADLEE AMENDMENT — CONSTITUTIONAL LAW.

The constitutional provision known as the Headlee Amendment does not require a direct vote of the electors in order to permit a local unit of government to increase taxes where the unit has the authority by law or charter to levy the increase (Const 1963, art 9, § 31).

2. TOWNSHIPS — CHARTER TOWNSHIPS — TAXATION.

The electors may not, in or after voting to become a charter township, limit the township's taxing authority to less than five mills.

3. MUNICIPAL CORPORATIONS — TOWNSHIPS.

Municipal corporations, including townships, are creatures of the state and derive their powers from the state constitution and statutes; they have no power except that granted by the state.

4. TOWNSHIPS — CHARTER TOWNSHIPS.

The charter township act provides that the act shall constitute the charter of the townships which incorporate under it and contains no provisions for amendment of the charter either by the electors or by the township board (MCL 42.1 et seq.; MSA 5.46[1] et seq.).

5. QUO WARRANTO — ELECTIONS — BURDEN OF PROOF.

A plaintiff in an action quo warranto and to declare an election's results void must show that a serious error or fraud occurred and that it may have affected the outcome of the election (MCL 600.4545; MSA 27A.4545).

6. ELECTIONS — REMEDIES.

Where a ballot proposal contains omissions or defects likely to have misled voters as to its intent and purpose, the remedy is to void the election.

*Keusch & Flintoft, P.C.* (by *Peter C. Flintoft*), for plaintiff.

*Reading & Etter* (by *John L. Etter*), for defendant.

Before: DANHOF, C.J., and SHEPHERD and C. L.
BOSMAN,* JJ.

C. L. BOSMAN, J. The primary question presented
in this appeal is whether the Headlee Amendment,
Const 1963, art 9, § 31, limits a township board's
taxing authority to its preincorporation level with-
out a separate vote of the electors when the elec-
tors of a general law township vote to become a
charter township pursuant to 1947 PA 359; MCL
42.1 *et seq.*; MSA 5.46(1) *et seq.* We hold that it
does not.

Defendant Scio Township and members of the
Scio Township Board sought to incorporate Scio
Township as a charter township in an effort to
prevent unwanted annexation by the City of Ann
Arbor. The board therefore resolved to incorporate
the township by board resolution, MCL 42.3a;
MSA 5.46(3a). A petition of disagreement was
timely filed by a number of the township citizens,
including plaintiffs. MCL 42.3a(2)(b); MSA
5.46(3a)(2)(b).

Defendants submitted the question of incorpora-
tion to the electorate at the primary election of
August 5, 1986. The ballot, prepared in accordance
with MCL 42.2; MSA 5.46(2), set forth the proposi-
tion as follows:

SCIO TOWNSHIP INCORPORATION PROPOSAL

Shall the Township of Scio incorporate as a
charter township which shall be a municipal cor-
poration subject to the provisions of Act No. 359 of
the Public Acts of 1947, as amended, which act
shall constitute the charter of such municipal
corporation?

* Circuit judge, sitting on the Court of Appeals by assignment.

Section 27 of the charter township act, MCL 42.27; MSA 5.46(27), permits a charter township board to levy taxes not to exceed "½ of 1% of the assessed valuation of all real and personal property subject to taxation in the township" (five mills). Prior to incorporation, the taxing authority of defendant township, a general law township, was limited to 1.16 mills. The basis for plaintiffs' objection to charter incorporation was their belief that upon incorporation the defendant charter township board would acquire the authority to levy up to five mills. Defendant board shared plaintiffs' desire to limit the township's taxing authority to 1.16 mills; however, unlike plaintiffs, the board believed that operation of the Headlee Amendment would preclude an increase in the taxing authority in the absence of a vote expressly increasing the millage. In an attempt to resolve any ambiguity concerning the application of the Headlee Amendment, the board added a second proposal to the ballot:

SCIO CHARTER TOWNSHIP MILLAGE LIMITATION PROPOSITION

If the Township of Scio is incorporated as the Charter Township of Scio, shall the millage [to] be levied by said Charter Township be limited to 1.16 mills?

The incorporation proposition passed by four votes, 695 voting in favor of incorporation while 691 voting against. The electorate overwhelmingly approved the millage limitation proposition, 1,061 voting in favor and 272 voting against.

Following the election, plaintiffs filed this action quo warranto and for declaratory judgment seeking to: (1) enjoin certification of the results of the August 5, 1985, election; (2) declare that the re-

sults of the election were void; (3) order that the question of incorporation only be resubmitted to the electorate; and (4) declare that, if Scio Township becomes a charter township, the board is authorized to levy up to file mills tax on all assessed real and personal properties within Scio Township regardless of any vote of the electors to limit such taxation power.

The trial court found (1) the vote on the first proposition was effective to permit the general law Township of Scio to incorporate as the Charter Township of Scio, and (2) the Headlee Amendment applied so as to limit the taxing authority of Scio Township to 1.16 mills, unless and until the electors of Scio Township expressly vote to increase the millage.

In *Waterford School Dist v State Bd of Ed,* 98 Mich App 658, 663; 296 NW2d 328 (1980), lv den 409 Mich 934 (1980), this Court stated that the Headlee Amendment was designed to place specific limitations on state and local revenues and that the ultimate purpose was to place public spending under direct popular control. The trial court, using this statement of purpose, reasoned that one could not understand how a vote on a separate and distinct issue, i.e., charter township, implies an increase in taxes or taxing authority. Thus, the trial court interpreted Headlee to require a separate vote of the electorate before the charter township board is authorized to levy taxes above that rate authorized as a common-law township.

On the interpretation of constitutional provisions, *People v Bd of State Canvassers,* 323 Mich 523, 529; 35 NW2d 669 (1949), citing with approval *Attorney General v State Bd of Assessors,* 143 Mich 73; 106 NW 698 (1906), stated:

The other principle is that the first resort, in all

cases where a constitutional provision is to be interpreted, is to the natural signification of the words employed in the order and grammatical arrangement in which the framers of the instrument have placed them; and, if thus regarded, the words used convey a definite meaning, which involves no absurdity and no contradiction between different parts of the same writing, then the meaning apparent on the face of the instrument is the one which alone we are at liberty to say was intended to be conveyed. In such cases there is no room for construction. Cooley on Constitutional Limitations (5th ed), pp 69, 70.

The operative language of the Headlee Amendment provides:

Units of Local Government are hereby prohibited from levying any tax not authorized by law or charter when this section is ratified or from increasing the rate of an existing tax above that rate authorized by law or charter when this section is ratified, without the approval of a majority of the qualified electors of that unit of Local Government voting thereon. [Const 1963, art 9, § 31.]

The plain language of Headlee prohibits a local government from levying a tax in excess of that permitted by law or charter and it prohibits increasing the authorized tax rate without approval of the electors. But nowhere does Headlee require a direct vote of the electors in order to permit a local unit of government to increase taxes if the local unit of government has the authority by law or charter to levy the increase. See *Bailey v Muskegon Co Bd of Comm'rs,* 122 Mich App 808; 333 NW2d 144 (1983).

Here, the proposition which the electors of Scio Township approved not only submitted the question of whether they shall become a charter town-

ship but also specified the charter under which the township would be governed in the event the electors voted to become a charter township. Section 27 of the charter township act grants authority to the charter township board to levy taxes of up to five mills. As a general rule, it is not essential to print the full text of a proposed law on a ballot; it is sufficient if enough is printed to identify the matter and show its character and purpose. 26 Am Jur 2d, Elections, § 221, p 51. Further, where a statute prescribes the form of the proposal, the statute should be strictly followed. *Id.* The proposal to incorporate in this case contained mandatory statutory language. There can be no doubt that the electors had ample notice that the effect of the proposal, if approved, would be to subject the township to all of the provisions of the charter township act. There is no claim the electors were not provided with an opportunity to become fully informed of the act's provision. To the contrary, a key issue in the election related to the township board's taxing authority. The statutory provision states, in pertinent part:

> Not later than November 1 annually, the township board shall, by resolution, adopt the budget for the next fiscal year and shall, in that resolution, make an appropriation of the money needed for township purposes during the ensuing fiscal year of the township and provide for a levy of the amount necessary to be raised by taxes upon real and personal property for the municipal purposes of the township, which levy shall not exceed . . . ½ of 1% [5 mills] of the assessed valuation of all real and personal property subject to taxation . . . . The electors of a charter township may increase the tax levy limitation to not to exceed a total of 1% of the assessed valuation of all real and personal property in the township for a period

of not to exceed 20 years at one time. [MCL 42.27;
MSA 5.46(27).]

Thus, by voting to incorporate, the electors also
approved the adoption of a five-mill limitation on
the township board's taxing authority. This does
not clash with the Headlee Amendment, since its
requirement that a majority of the qualified elec-
tors approve the authorized rate has been satisfied.
The Headlee Amendment imposes specific limita-
tions on the authority to impose additional taxes
without voter approval. It does not require voter
approval of increased tax levies where the author-
ity to make the levy has already been approved.
*Bailey v Muskegon Co Bd of Comm'rs, supra.* The
course of action available to a taxpayer under the
charter township act to oppose a tax levy proposal
up to five mills is to appear at the public hearing
on the budget. MCL 42.26; MSA 5.46(26).

A second question was submitted to the trial
court which it did not directly answer as it consid-
ered its ruling and reasoning on the effect of
Headlee dispositive of the second question. This
question is whether electors can, after voting to
become a charter township, limit a charter town-
ship's taxing authority to less than five mills, the
amount authorized by the charter township act.
We hold they cannot.

Municipal corporations, including townships, are
creatures of the state and derive their powers from
the state constitution and statutes. They have no
power except that granted by the state. *Midland
Twp v State Boundary Comm,* 401 Mich 641; 259
NW2d 326 (1977), app dismissed 435 US 1004; 98 S
Ct 1873; 56 L Ed 2d 386 (1978); *Eyde Construction
Co v Charter Twp of Meridian,* 149 Mich App 802;
386 NW2d 687 (1986). The Legislature authorized
the electors of townships meeting the population

requirement to select a charter township form of government as opposed to a general-law township. But in permitting a township to incorporate as a charter township, the Legislature determined that the form of the charter it would authorize is the charter it provided in the charter township act, 1947 PA 359, as amended. Section 1 of that act provides that "each township which incorporates as a charter township shall be subject to the provisions of this act, which act shall constitute the charter of such municipal corporation." MCL 42.1; MSA 5.46(1). There is no provision contained within the act for amendment of the charter either by the electors or the township board.

It is an established rule of statutory construction that the express mention in a statute of one thing implies the exclusion of other similar things. *Moffit v Sederlund,* 145 Mich App 1, 17; 378 NW2d 491 (1985), lv den 425 Mich 860 (1986). By expressly providing for voter approval of increases to the board's taxing authority, MCL 42.27; MSA 5.46(27), while making no mention of decreases, the Legislature implicitly precluded electors from limiting the board's taxing authority to an amount less than five mills.

Plaintiffs filed this action quo warranto and for a judgment declaring the election results void. Under MCL 600.4545; MSA 27A.4545, plaintiffs had the burden of showing that a serious error or fraud occurred and that it may have affected the outcome of the election. See *St Joseph Twp v City of St Joseph,* 373 Mich 1, 6; 127 NW2d 858 (1964); *St Joseph Twp v Municipal Finance Comm,* 351 Mich 524, 530; 88 NW2d 543 (1958). The serious error in the instant case is plain from the face of the ballot. The ballot proposal misled the electors as to their ability to limit the board's taxing authority. Where a ballot proposal contains omis-

sions or defects likely to have misled voters as to its intent and purpose, the remedy is to void the election. See *Bailey, supra,* p 824; *Delta College v Saginaw Co Bd of Comm'rs,* 395 Mich 562; 236 NW2d 425 (1975); *West Shore Community College v Manistee Co Bd of Comm'rs,* 389 Mich 287, 296; 205 NW2d 441 (1973). We hold the election on the proposal void.

Having concluded that (1) Headlee does not restrict the board's taxing authority to levy less than five mills and (2) the second ballot proposal is void, the final question to be decided is the impact of this on the result on the first proposal. The two proposals submitted to the electors were related, both having the effect, if valid, of establishing a limitation on the township board's taxing authority upon incorporating the township. The proposals were inconsistent in that each asked the electors to establish a different limitation. It is, however, clear that the intent of the proposals was not to treat the question of incorporation and taxing authority as separate issues. When read *in pari materia,* as is done in construing statutes relating to the same subject matter or sharing a common purpose, *Crawford v Secretary of State,* 160 Mich App 88, 95; 408 NW2d 112 (1987), it is apparent that the electors were asked to decide whether (1) the township should be incorporated at all, (2) the township should be incorporated as a charter township containing a 1.16-mill limitation on the board's taxing authority, or (3) the township should be incorporated as a charter township containing a five-mill limitation on the board's taxing authority.

Had the charter township act not prescribed the precise language to be used in asking the electors whether the township should be incorporated and if the act conferred on the electors the power to

restrict the board's taxing authority, it is possible that these three questions could have been submitted to the electors in a clearer fashion. Generally, proposals that are so closely related as to properly be dependent may be submitted as a unit. 26 Am Jur 2d, *supra,* § 222, p 52. Submitted in the manner they were, the second proposal had the effect of misleading the electors into believing they had the power to reduce the tax limitation to less than five mills if they approved the first proposal. There is a substantial likelihood that the electors may not have voted yes on the first proposal had they known that the second proposal was invalid.

Although plaintiffs contend on appeal that they have electors ready to testify that they were misled and seek a remand for a trial, it is plain from the face of the ballot proposals and the record developed below that there was a serious error pertaining to the basic intent and purpose of the ballot proposals. Under these circumstances, the appropriate remedy is to void the election.

We therefore hold the election of proposals one and two are void.

Reversed.

SHEPHERD, J., concurred.

DANHOF, C.J. *(dissenting).* I agree with the majority's conclusion that electors cannot, after voting to incorporate a township as a charter township, limit that charter township board's taxing authority to less than five mills, the amount authorized by the charter township act. By approving the proposal to incorporate Scio as a charter township, the voters also approved the adoption of the five-mill limit on the township board's taxing authority. Therefore, the second proposal to limit the board's taxing authority to 1.16 mills was null.

I dissent because the majority goes on to void the election with regard to both proposals. The record does not support the relief which the majority has granted. I would uphold the election with regard to the first proposal in the absence of evidence that the voters were misled by the second proposal. Although a nexus between the proposals is arguably apparent, the majority should have fashioned a remedy based on the facts reflected in the record, not on a presumption regarding what the voters probably thought when they were voting.

The record also does not reveal whether the Scio Township Board has levied a higher millage than the former 1.16 mill limit. If the township board does raise taxes, then plaintiffs' remedy is political. They can vote for different board members in the next election.

Finally, the record does not disclose what action Scio has taken as a charter township. I question the appropriateness of the majority's decision because of its possible repercussions. By voiding the election which made Scio a charter township, the majority has also voided the actions which Scio might have taken as a charter township.

I would hold that the election is valid with regard to the first proposal and void with regard to the second.