SAGINAW COUNTY v BUENA VISTA SCHOOL DISTRICT

Docket No. 145149. Submitted December 3, 1991, at Grand Rapids. Decided October 19, 1992, at 9:50 A.M.

Saginaw County brought an action in the Saginaw Circuit Court against the Buena Vista School District, claiming that the defendant violated Const 1963, art 9, § 31 (the Headlee Amendment) in 1991 by raising its property tax rate from 9.05 mills to 10.05 mills without approval of a majority of the qualified electors in the district. The court, Robert S. Gilbert, J., granted summary disposition for the defendant. The plaintiff appealed.

The Court of Appeals *held:*

No voter approval was required for the defendant to raise its millage. The Headlee Amendment requires voter approval only if a unit of local government wants to impose taxes at a rate higher than that authorized by law at the time of the adoption of the Headlee Amendment. In this case, pursuant to property tax rate limitations on local units of government approved by Saginaw County voters in 1974, the defendant could have levied taxes in 1978, when the amendment was approved, at a rate of 10.05 mills had it been located entirely within a single charter township. Because the defendant has been located entirely within a single charter township since redrawing its boundaries in 1990, the tax rate of 10.05 mills is not above the rate authorized by law at the time the Headlee Amendment was ratified. When the defendant's geographical configuration changed, it then became eligible to tax according to the applicable preexisting tax structure.

Affirmed.

*Braun, Kendrick, Finkbeiner, Schafer & Murphy* (by *C. Patrick Kaltenbach*), and *Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Kenneth J. McIntyre, Thomas G. McNeill,* and *K. Scott Hamilton*), for the plaintiff.

*Henry G. Marsh,* for the defendant.

Before: Wahls, P.J., and Shepherd and Neff, JJ.

Shepherd, J. In 1991, defendant raised its property tax rate from 9.05 mills to 10.05 mills without approval of a majority of the qualified electors in the district. Plaintiff filed this action in the circuit court, claiming that defendant's action violated Const 1963, art 9, § 31. The trial court found that defendant had not violated the constitution. Plaintiff appeals as of right. We affirm.

Michigan voters approved the Headlee Amendment, Const 1963, art 9, §§ 25-34, in 1978. It does not require all tax increases to be approved by voters. Instead, it provides in part:

> Units of Local Government are hereby prohibited from levying any tax not authorized by law or charter when this section is ratified or from increasing the rate of an existing tax above that rate authorized by law or charter when this section is ratified, without the approval of a majority of the qualified electors of that unit of Local Government voting thereon. [Const 1963, art 9, § 31.]

Saginaw County voters approved property tax rate limitations on units of local government in 1974, pursuant to Const 1963, art 9, § 6. School districts were limited to a tax levy of 9.05 mills, but the limitation resolution provided that school districts located entirely within a city or charter township "shall receive, in addition, millage equal to the township millage" of one mill.

At the time the Headlee Amendment was adopted, defendant was located both in Buena Vista Charter Township and Zilwaukee Township and therefore could only levy property taxes at a maximum rate of 9.05 mills. In 1990, defendant

redrew its boundaries so that it was located entirely within Buena Vista Charter Township.

It is clear that, were there no Headlee Amendment, defendant's 1991 millage increase would be authorized by the limits established by the county's voters in 1974. We are asked to decide whether the effect of the Headlee Amendment is to prohibit this otherwise authorized tax rate increase unless the voters of the school district first approve it. Plaintiff contends that because defendant legally could not levy taxes at 10.05 mills in 1978, it cannot do so now without voter approval. Defendant argues that because defendant could have levied taxes in 1978 at a rate of 10.05 mills had it been located entirely within a charter township, it can do so now.

The wording of the Headlee Amendment can support both parties' positions. There is a dearth of authority for us to turn to for guidance. The two opinions of the Attorney General plaintiff cites, OAG, 1985-1986, No 6285, p 46 (April 17, 1985), and OAG, 1989-1990, No 6588, p 149 (June 16, 1989), deal with a quite different situation, the effect of a township becoming a charter township. Such a change exposes property owners to a new category of taxes. See also *Smith v Scio Twp,* 173 Mich App 381; 433 NW2d 855 (1988). The decision of this Court most nearly on point is *Bailey v Muskegon Co Bd of Comm'rs,* 122 Mich App 808; 333 NW2d 144 (1983). It holds that a post-Headlee tax is lawful if the local unit of government was empowered to levy the tax before the Headlee Amendment regardless of whether the tax had actually been adopted.

When interpreting a constitutional provision, the words should be read in the sense most obvious to the common understanding. *Durant v Dep't of Ed (On Second Remand),* 186 Mich App 83, 117-

118; 463 NW2d 461 (1990). The Headlee Amendment requires voter approval only if a unit of local government wants to impose taxes at a rate higher than that authorized by law at the time of its adoption. Const 1963, art 9, § 31. In 1978, school districts in Saginaw County located entirely within a charter township were authorized by law to levy taxes at a rate of 10.05 mills. We find that, because it is now located entirely within Buena Vista Charter Township, defendant's tax rate of 10.05 mills is not above the rate authorized by law at the time the Headlee Amendment was ratified. The category of school district into which defendant now fits existed in 1978, the tax in question was authorized by law (it was not a new kind of tax), and the rate (10.05 mills) was an authorized rate. When defendant's geographical configuration changed, it then became eligible to tax according to the applicable preexisting tax structure. Furthermore, before the Headlee Amendment, a simple rearrangement of boundaries would have empowered the defendant to increase the tax from 9.05 to 10.05 mills. That is all that occurred post-Headlee. Therefore, no voter approval was required for defendant to raise its millage to 10.05 mills.

Defendant challenges plaintiff's standing. We are satisfied that plaintiff has sufficient interest in the outcome to have standing to bring this action. See *Waterford School Dist v State Bd of Ed,* 98 Mich App 658; 296 NW2d 328 (1980). Plaintiff alleges that defendant's action will result in its losing over a million dollars in tax revenues.

Affirmed.