ENCHANTING HOMES, INC., *v*. RAPANOS.

RAPANOS *v*. CITY OF MIDLAND.

1. MUNICIPAL CORPORATIONS—PLATS—DEDICATION AS CONDITION PRE-
CEDENT TO APPROVAL—RECONVEYANCE.

City policy of requiring approximately 10% of land platted to
be dedicated as park land as condition precedent to approval
of plat by city was illegal requirement, and as against city,
platters were entitled to a reconveyance of such dedicated
lands.

2. SAME — PLATS — DEDICATION — RECONVEYANCE — INTERVENING
RIGHTS.

Purchasers of platted lots who had bought relying on promises
of dedication of park lands, made on basis of city's illegal
policy of requiring such dedication, had acquired the right
to compel such dedication of park lands, and to prevent re-
conveyance of park lands already dedicated.

3. SAME—PLATS—DEDICATION—INTERVENING RIGHTS—PAYMENT.

Land developer, *held*, entitled to payment in full by city for
value of park lands developer was compelled to dedicate to
public use by lot purchasers who had relied on promises of
dedication, when such promises had been made because of
developer's knowledge that city was enforcing an illegal re-
quirement of dedication of part of development lands for park
purposes.

Appeal from Midland; Dardas (Leon R.), J., pre-
siding. Submitted Division 3 June 3, 1966, at
Detroit. (Docket No. 828.) Decided July 26, 1966.
Rehearing denied September 2, 1966. Leave to ap-
peal denied by Supreme Court November 16, 1966.
See 378 Mich 740.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 23 Am Jur 2d, Dedication § 23 *et seq*.
Validity and construction of regulations as to subdivision maps
and plats. 11 ALR2d 524.
[2, 3] 23 Am Jur 2d, Deeds §§ 256, 257; 23 Am Jur 2d, Dedication
§§ 59–61.

Complaint by Enchanting Homes, Inc., and 28 natural persons against John A. Rapanos, Nicolaos A. Rapanos, George A. Rapanos, and other persons, and the City of Midland, to enjoin the defendant city from approving a plat, and to enjoin defendants Rapanos and others from platting certain land without including a park in the plat. Cross-complaint by defendants Rapanos against defendant city for value of land required to be dedicated for a park. Judgment on cross-complaint for cross-plaintiffs for 1/2 the value of such land. Defendant city appeals, and cross-plaintiffs cross-appeal. Judgment modified in part and affirmed in part.

*Edward G. Durance,* for cross-plaintiffs Rapanos.

*Joel H. Kahn,* for cross-defendant City of Midland.

Quinn, J. City of Midland appeals from a judgment of Midland county circuit court requiring the city to pay to defendants Rapanos one-half the value of land they were required to dedicate for park purposes in Rapanos Park Subdivision No. 3 by judgment in this same action. Defendants Rapanos cross-appeal contending the city should pay them full value for said park land. There has been no appeal from that part of the judgment requiring Rapanos to dedicate the park land.

Two issues are raised by these appeals, namely: are Rapanos brothers entitled to recover from the city, and, if so, in what amount?

In 1956, John A. Rapanos acquired a 90-plus-acre tract of land in Midland. Later and in conjunction with his brothers Nicolaos and George, who comprised a building partnership, he presented a plan for subdividing and developing the tract to the city.

At that time, the city had a policy of requiring proprietors of proposed subdivisions to contribute 10% of the land area in the proposed plat or its money equivalent to the city for park purposes as a condition to plat approval by the city.[1]  John A. Rapanos knew of this policy and had objected to it, but after negotiations, a 9.1 acre park in the center of the property was agreed to.  No plat of the entire area was ever presented for final approval.

John A. Rapanos conveyed the most westerly strip of the tract, comprising about 14 acres, to his brothers, and on their behalf, he presented a plat thereof without a park to the city for approval. After requiring about 10% of the land area of the proposed plat to be dedicated for park purposes, the city approved this plat, and it became known as Rapanos Park No. 1.  The park area was along the west line of the plat.  Later, a strip adjoining Rapanos Park No. 1 on the east was similarly handled and it became known as Rapanos Park No. 2. The latter had a 95-foot strip along its eastern boundary dedicated for park purposes.

Individual plaintiffs purchased lots in Rapanos Park No. 2 on the representation by the Rapanos that in the development of the remaining land to the east, the balance of a 10-acre park would be provided.  This fact is established by the judgment of the court below requiring Rapanos to dedicate land in Rapanos Park No. 3 for park purposes and this part of the judgment has not been appealed.

October 22, 1962, Nicolaos Rapanos sued the city to recover the park land in Rapanos Park No. 2. Many of the present individual plaintiffs intervened to object to loss of the park.  August 6, 1964, Rapanos recovered judgment against the city for the

---

[1] Such practice was held illegal in *Ridgemont Development Co.* v. *City of East Detroit* (1960), 358 Mich 387, and in *Gordon* v. *Village of Wayne* (1963), 370 Mich 329.

value of the park land in Rapanos Park No. 2. This judgment was not appealed.

After unsuccessful negotiations between the Rapanos and the city with respect to a plat for Rapanos Park No. 3, the former submitted for approval a plat for No. 3 which contained no park. When approval was refused, Rapanos sued the city to compel approval. This suit resulted in judgment for Rapanos April 9, 1964, directing the city to approve the plat without a park. Plaintiffs then commenced the present action against Rapanos and the city, and Rapanos filed their cross-complaint against the city.

It is clear from the decisions in *Ridgemont* and *Gordon, supra,* that the city cannot do legally what it attempted to do in this case. If Rapanos had complied with city policy and had dedicated the required park land to gain approval of the plat, they could have obtained reconveyance thereof in a suit against the city on the basis of the *Ridgemont* decision. Here reconveyance was not possible because of the rights of the individual plaintiffs to the park land promised to them when they purchased their lots. And why were they promised park land? Because Rapanos knew they would be required by the city's illegal policy to furnish it. We see no valid reason to distinguish this situation from that in *Ridgemont, supra.*

The trial court is affirmed with respect to its holding that Rapanos are entitled to recover from the city, but it is reversed with respect to the amount of such recovery, and the cause is remanded to the trial court for entry of judgment in favor of Rapanos and against the city for the full value of the park land in Rapanos Park No. 3. Rapanos may recover their costs.

J. H. GILLIS, P. J., and FITZGERALD, J., concurred.