SOUTHEASTERN MICHIGAN TRANSPORTATION AUTHORITY v
DEPARTMENT OF TREASURY

SECRETARY OF STATE v STATE TREASURER (ON REMAND)

Docket Nos. 65884, 66087, 66129. Submitted September 14, 1982, at
Lansing.—Decided December 14, 1982.

The Southeastern Michigan Transportation Authority (SEMTA)
brought two actions for mandamus in the Court of Appeals.
One action (Docket No. 65884) sought a writ of mandamus
directing the Department of Treasury to disburse $18.7 million
in special tax funds escrowed from November 15, 1980, to April
6, 1982, the date 1982 PA 56 became effective. The other action
(Docket No. 66087) sought a writ of mandamus directing the
Department of Treasury to disburse $5 million in similar funds
escrowed between April 6, 1982, and September 30, 1982. These
two actions were consolidated with an action for mandamus
brought by the Secretary of State against the State Treasurer
relating to escrowed SEMTA funds which had been previously
considered by the Court of Appeals in *Secretary of State v
State Treasurer,* 113 Mich App 153 (1982). The Court of Ap-
peals judgment had been vacated by the Supreme Court and
the matter had been remanded to the Court of Appeals "for
reconsideration in light of 1982 PA 56". 414 Mich 874 (1982).
*Held:*

1. 1982 PA 56, which amended the Metropolitan Transporta-
tion Act of 1967 by extending the expiration date for the
collection of special use taxes for public transportation in
Wayne, Oakland and Macomb Counties to December 31, 1982,
is not violative of the constitutional provision restricting the
use of vehicle registration and highway fuel taxes, since both
1982 PA 56 and the act it amended, 1967 PA 204, restrict the
use of such taxes collected to public transportation purposes.

2. 1982 PA 56 does not act to retroactively resurrect the
statutory provision creating the escrowed funds for the period

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Statutes § 73.
[2] 4 Am Jur 2d, Appeal and Error § 50 *et seq.*
[3] 73 Am Jur 2d, Statutes § 249 *et seq.*

of November 15, 1980, to April 6, 1982, since the opinion of the Court of Appeals in *Secretary of State v State Treasurer,* 113 Mich App 154 (1982), never became a final adjudication by reason of the pendency in the Supreme Court of the timely application for leave to appeal. 1982 PA 56 clearly was an attempt by the Legislature to clarify its original intent as to the expiration date under the prior provision following the inability of the three judges on the panel in *Secretary of State v State Treasurer* to come to any consensus as to what, if any, the expiration date should be.

3. Assuming, *arguendo,* that 1982 PA 56 is not merely a clarification by the Legislature, 1982 PA 56 evidences an intent by the Legislature that it be applied retroactively.

4. 1982 PA 56, when applied retroactively, does not violate the title-object provision of the constitution.

A writ of mandamus directing the disbursement of the escrowed funds shall issue.

1. TAXATION — METROPOLITAN TRANSPORTATION AUTHORITIES ACT — CONSTITUTIONAL LAW.

  1982 PA 56, which extended the expiration date for the special use taxes for the benefit of public transportation in Wayne, Oakland and Macomb Counties to December 31, 1982, being an amendment to the Metropolitan Transportation Authorities Act of 1967, is not violative of the constitutional provision restricting the use of vehicle registration fees and specific taxes upon the sale of fuel used by vehicles on highways to road building or maintenance or to comprehensive transportation purposes, both the 1967 act and the 1982 amendment restricting the special taxes collected to public transportation purposes (Const 1963, art 9, § 9).

2. JUDGMENTS — ORDERS — FINAL ORDERS — APPEAL.

  A final order of the Court of Appeals giving effect to the opinion of the Court of Appeals does not issue where a timely application for leave to appeal to the Supreme Court has been filed and will not issue during the pendency of such application before the Supreme Court; accordingly, during the pendency of a timely application for leave to appeal in the Supreme Court, the Court of Appeals opinion does not act as a final adjudication of the case.

3. STATUTES — PRESUMPTIONS — LEGISLATURE.

  The Legislature is presumed to know existing law and the decision of the Court of Appeals interpreting that law.

*Downs, Zagaroli & Downs, P.C.* (by *Tom Downs* and *Michael A. Zagaroli), Walter Clements, Cooper & Fink* (by *Daniel S. Cooper),* of counsel, for the Southeastern Michigan Transportation Authority.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Ronald F. Rose, Patrick McElmurry* and *David L. Balas,* Assistants Attorney General, for the Department of Treasury and the Secretary of State, and *Patrick F. Isom,* Assistant Attorney General, for the State Treasurer.

*L. W. McEntee,* for the Board of County Road Commissioners for the County of Oakland.

*Bodman, Longley & Dahling* (by *Joseph A. Sullivan* and *Lloyd C. Fell),* for the Board of County Road Commissioners for the County of Wayne.

*Miller, Canfield, Paddock & Stone* (by *John D. Pirich),* and *John P. Cushman,* for the County Road Association of Michigan.

Before: ALLEN, P.J., and T. M. BURNS and M. J. KELLY, JJ.

PER CURIAM. Resolution of two issues, common to the three cases consolidated herein, mercifully will bring to an end two and one-half years of controversy extending over six cases involving the collection and distribution of some $23 million in special taxes collected in the tri-county area on behalf of the Southeastern Michigan Transportation Authority (SEMTA), and currently held in escrow under a prior order of this Court. The issues are: (1) Is 1982 PA 56, enacted by the Legislature and given immediate effect upon its signing by the Governor April 6, 1982, constitu-

tional? (2) If so, is it retroactive? If both questions are answered by this Court in the affirmative, the sums collected and held in escrow may be distributed to SEMTA. But first, a brief history of the litigation is necessary.

## Prior Litigation

In 1980, the Attorney General issued OAG, 1979-1980, No 5737, p 865 (July 11, 1980), holding that § 16a, 1976 PA 266, as amended by 1980 PA 89, MCL 124.416a; MSA 5.3475(116a), which authorized the collection of special taxes on motor vehicles in the tri-county area, was unconstitutional and void. Upon receiving the opinion, the Secretary of State ordered that collection of the taxes cease. However, in *Southeastern Michigan Transportation Authority v Secretary of State,* 104 Mich App 390; 304 NW2d 846 (1981) *(SEMTA I),* this Court held that the statute was not unconstitutional on its face and that the Secretary of State should continue to collect the fees imposed, but that the fees were to be placed in escrow until the Legislature amended the statute to assure that no more than 10% of sums collected from two funds would be distributed for comprehensive transportation purposes consistent with Const 1963, art 9, § 9. The Court did not tell the Legislature what to do but suggested that the Legislature might amend the statute so that there would be one fund into which all motor vehicle taxes be placed and from which disbursements not exceeding 10% could be made.

July 15, 1981, the Secretary of State filed an original action for mandamus, seeking to have this Court determine that the power to collect such special taxes expired either on November 15, 1980

(because a written merger agreement between SEMTA and the transportation system of the City of Detroit, as intended by the Legislature, had not been signed), or on April 16, 1981 (because such merger had not taken place). In *Secretary of State v State Treasurer,* 113 Mich App 153; 317 NW2d 238 (1982) *(SEMTA II),* this Court split three ways on when and if the tax expired. Judge MICHAEL J. KELLY was of the opinion that the tax terminated April 16, 1981. Visiting circuit judge J. J. KELLEY held that the tax terminated November 15, 1980, but, because he felt the power to levy the taxes had already expired, joined Judge MICHAEL J. KELLY in holding the expiration date was April 16, 1981. Judge ALLEN wrote that he felt that the power to tax had not expired at all and that the expiration date should be left to the Legislature to clarify. *SEMTA II* was decided January 27, 1982. An application for leave to appeal to the Supreme Court was promptly filed by SEMTA.

While the appeal in *SEMTA II* was pending, proceedings in *SEMTA III* (No. 63872) and *SEMTA IV* (No. 65164) were filed. In *SEMTA III,* a writ of mandamus directing the distribution of $2.4 million was sought, such sums representing SEMTA's share of taxes placed in escrow for the period July 30, 1980 (the date when the taxes were first escrowed), through November 15, 1980 (the earliest date on which one judge in *SEMTA II* concluded the tax expired). By stipulation the parties agreed to the release of the $2.4 million principal but without interest. On July 7, 1982, this Court entered an order directing disbursement to SEMTA of $2.4 million, without interest, and disbursement of collection expenses to the Secretary of State. That order terminated *SEMTA III* which is now a closed case.

In *SEMTA IV* claim was made for accrued interest on the sums which were released in *SEMTA III*. On July 12, 1982, this panel ordered the Department of Treasury to show cause why accrued interest in the amount of $591,228.07 should not be distributed to SEMTA and why the amount of $6,320.82, representing interest earned on the collection expenses incurred by the Secretary of State, should not be distributed to the Secretary of State. On August 12, 1982, an order was entered directing the State Treasurer to disburse such sums to SEMTA and the Secretary of State, respectively. For practical purposes, *SEMTA IV* is a closed case.

Meanwhile, on April 6, 1982, the Legislature passed and the Governor signed 1982 PA 56. That act, which was given immediate effect, provided for the continuation of the SEMTA taxes until December 31, 1982, specified a formula to assure that not more than 10% of certain motor vehicle fees would be distributed for mass transportation purposes (thus eliminating the objection raised to disbursement in *SEMTA I),* and eliminated the provisions relative to merger between SEMTA and the transportation system of the City of Detroit. On August 10, 1982, the Supreme Court, in lieu of granting leave to appeal in *SEMTA II,* vacated the judgment in *Semta II* and remanded the case back to the Court of Appeals "for reconsideration in light of 1982 PA 56". *Secretary of State v State Treasurer,* 414 Mich 874 (1982).

July 29, 1982, *SEMTA V* (No. 65884) was filed asking this Court to issue a writ of mandamus directing the Department of Treasury to disburse $18.7 million in funds escrowed from November 15, 1980 (the last date of disbursement in *SEMTA*

*III)* to April 6, 1982 (the date 1982 PA 56 became effective). On August 10, 1982, the same date that the Supreme Court remanded *SEMTA II* to this Court for reconsideration, *SEMTA VI* (No. 66087) was filed seeking mandamus for $2.9 million in funds placed in escrow from April 6, 1982, to June 30, 1982. On November 5, 1982, SEMTA enlarged upon this request by asking for an additional $2.1 million for the period June 30, 1982, to September 30, 1982, September 30 being the end of the last quarter for which payment is due SEMTA under 1982 PA 56.[1] On September 10, 1982, this Court ordered *SEMTA V, SEMTA VI,* and *SEMTA II (On Remand)* consolidated, and on October 8, 1982, granted the parties the opportunity to file additional briefs and pleadings. SEMTA and the Attorney General on behalf of the Secretary of State elected to stand on the briefs and pleadings already filed. The Oakland County Road Commission (OCRC) filed additional briefs and pleadings claiming: (1) In *SEMTA VI,* plaintiff was not entitled to funds escrowed prospectively from April 6, 1982, because 1982 PA 56 was in violation of Const 1963, art 9, § 9; (2) In *SEMTA V,* plaintiff was not entitled to escrowed funds from November 15, 1980, to June 6, 1982, because 1982 PA 56 was not retroactive; (3) In *SEMTA II (On Remand),* because 1982 PA 56 was not retroactive, the majority opinion in *SEMTA II* should be affirmed. With this factual background in mind, we address the three pending cases.

---

[1] The precise amount due SEMTA agreed upon for the period April 6 through June 30, 1982, was $2,944,895, plus $108,572 to the Secretary of State for collection expenses. The estimated amount due SEMTA for the quarter July 1—September 30, 1982 (as requested in SEMTA's motion to accelerate filed November 5, 1982) was $2.1 million, making a total request for an accelerated distribution of $5 million.

### SEMTA VI

*SEMTA VI* is the least complex of the three cases since no question of retroactivity is involved. The issue is simply whether this Court should order the release to SEMTA and the Secretary of State of fees collected and held in escrow from the date 1982 PA 56 was enacted, April 6, 1982, to September 30, 1982. The Attorney General in his brief on behalf of the Department of Treasury dated August 30, 1982, stated that he had no objection to release of the then estimated $2.9 million providing that any order under which that sum would be released would contain language that the amount released be subject to verification of the computation of the figures and a determination of compliance with the provisions of Const 1963, art 9, § 9.

However, intervening defendant OCRC objected to any disbursement of funds collected pursuant to 1982 PA 56 on grounds that the statute is in violation of Const 1963, art 9, § 9. Specifically, OCRC claims that 1967 PA 204, as most recently amended by 1982 PA 56, does not contain the constitutional language demanded by Const 1963, art 9, § 9, that the monies collected be restricted to conventional road-building and maintenance purposes or to comprehensive transportation purposes. However, 1982 PA 56 is an amendment of 1967 PA 204, § 16a, which was the statute authorizing the creation of SEMTA. In the absence of a statement to the contrary, the funds derived pursuant to 1982 PA 56 must be spent according to the statute authorizing the creation and operation of SEMTA. 1967 PA 204, § 3, sets forth the powers of a SEMTA type authority. It provides:

"Sec. 3. Authorities created under this act shall plan,

acquire, construct, operate, maintain, replace, improve, extend and contract *for public transporation facilities.* An authority is a public benefit agency and instrumentality of the state with all the powers of a public corporation, for the purpose of planning, acquiring, constructing, operating, maintaining, improving and *extending public transportation facilities,* and for controlling, operating, administering and exercising the franchise *of such transportation facilities,* if any, including charter operations as acquired." MCL 124.403; MSA 5.3475(103). (Emphasis supplied.)

A further indication that the funds collected under 1982 PA 56 are in fact restricted to comprehensive transportation purposes is found in 1982 PA 56, § 16a(3), which provides in part that the special taxes shall be returned "to the authority in which a transportation district has been created". Since "transportation districts" were created in 1967 PA 204, which in turn provides that monies received by such districts must be used for public transportation purposes, we find no violation of Const 1963, art 9, § 9.

Additionally, the identical argument now made by OCRC for the unconstitutionality of 1967 PA 204, § 16a, was made by the Attorney General in OAG 1979-1980, No 5737, *supra.*[2] That argument was rejected in this Court's opinion in *SEMTA I,* 104 Mich App 397-398. Although § 16a has since been amended by 1982 PA 56, the pertinent part of 1982 PA 56 reads no differently than the former relevant portions of 1980 PA 89. Paragraph (2) of both acts provides that financing under the act is to be used for "the acquisition or improvement of

[2] "OAG 1980, No 5737 (July 11, 1980) held that § 16a was unconstitutional on two grounds: * * * (2) there was an absence of any requirement that the revenues from the taxes imposed be used in accordance with the limitations of Const 1963, art 9, § 9." *SEMTA I,* 104 Mich App 397.

public transportation facilities in a transportation district, and operating the facilities".

We find no violation of Const 1963, art 9, § 9 and, accordingly, perceive no reason why funds escrowed prospectively from April 6, 1982, may not be released to SEMTA together with interest, as provided in § 16a(3) of 1982 PA 56. The necessary expenses for collection shall be returned to the Secretary of State. Since the statute mandates that said sums "shall be returned on a quarterly basis", and since the last quarter period ended September 30, 1982, all sums held in escrow less expenses of collection from April 6 through September 30, 1982, shall be disbursed. The estimated amount of distribution to SEMTA for this period is $5 million. An order distributing such sums was issued by this Court December 3, 1982.[3]

### SEMTA V and SEMTA II (On Remand)

Since the question of retroactivity controls our decision in each of these cases, the cases may be considered together. As noted earlier, the question involved in SEMTA V is whether some $18.8 million in funds collected between November 15, 1980, and April 6, 1982, and held in escrow, should be distributed to SEMTA or should be returned to the persons paying the tax. The question in SEMTA II (On Remand) is whether the majority decision holding that the tax expired April 16, 1981, and that any sums collected thereafter should be returned to the persons paying the tax, should be affirmed. Since 1982 PA 56 eliminated

[3] The order of distribution issued in SEMTA II (On Remand) December 3, 1982, did not use the figure $5 million. Instead, the Court ordered the State Treasurer to disburse to SEMTA taxes escrowed, including interest thereon, from April 6 through September 30, 1982, less collection expenses, including interest, to be disbursed to the Secretary of State.

§ 16a(5) of the former act which required a written merger agreement between SEMTA and the Department of Transportation of the City of Detroit no later than November 15, 1980, and also eliminated § 16a(6) which required an actual merger of the two systems by April 16, 1981, and inserted new language that the SEMTA taxes would continue until December 31, 1982, the determinative issue is whether 1982 PA 56 is retroactive.

Intervening defendant, OCRC, argues that the new statute cannot be retroactive because this Court, on January 27, 1982, held that the statute authorizing the collection of the special SEMTA taxes had expired and that a tax which has expired and which is already dead in January cannot be resurrected by a statute enacted some two months later on April 6, 1982, *Great Scott Supermarkets, Inc v Dep't of Treasury,* 113 Mich App 679, 683-684; 318 NW2d 537 (1982). Similarly, but for different reasons, the Attorney General, in his briefs on behalf of the Department of Treasury in *SEMTA V,* argues that the new statute is not retroactive. Quoting from 2 Sutherland, Statutory Construction (4th ed), § 41.04, pp 252-253, that a law will not be declared retroactive unless the act by express language, or necessary implication, indicates the Legislature intended a retroactive application, the Attorney General contends that 1982 PA 56 is not clearly retroactive but merely attempts to revive, effective April 6, 1982, that which was already dead. We are not persuaded.

The initial flaw in the arguments advanced is the assumption that this Court's opinion in *SEMTA II* rendered the former statute dead. This Court's opinion was not a final adjudication of the case. *People v George,* 399 Mich 638, 640; 250 NW2d 491 (1977). This Court's order in *SEMTA II*

would not become a final order until the Supreme Court denied the pending application for leave to appeal. When the Supreme Court entered its August 10, 1982, order in *SEMTA II,* it vacated this Court's judgment that the power to tax expired April 16, 1981.

Secondly, it appears more likely that 1982 PA 56 was the legislative response to the suggestion expressed in the minority opinion in *SEMTA II* that the Legislature use HB 5307, which had passed the House and had been sent to the Senate, as a vehicle for clarifying the Legislature's intent as to the expiration date of 1980 PA 89, the same being the predecessor of 1982 PA 56. HB 5307 passed the Senate and upon enrollment became 1982 PA 56. The Legislature is presumed to know the existing law and the decisions of this Court interpreting it. *People v Harrison,* 194 Mich 363; 160 NW 623 (1916). Given the fact that three judges versed in the law could come to three different opinions as to the expiration date of the taxes in 1980 PA 89, and one of the judges asked for clarification from the Legislature, it is not unreasonable to assume that 1982 PA 56 was the legislative clarification that the authority to tax had not expired and a new termination date of December 31, 1982, would be established.

Assuming, *arguendo,* that 1982 PA 56 is not a clarification, we find that, by necessary implication, the new statute connotes a legislative intent to apply the new statute retroactively. Old subsections 16a(5) and 16a(6) of 1980 PA 89 were deleted and subsection 16a(2) was amended to read:

"(2) Effective April 15, 1977, *and ending December 31, 1982,* in addition to other methods provided in this act for financing the acquisition or improvement of public transportation facilities in a transportation district, and

operating the facilities, there shall be imposed the following".

The language in regular type is the language which was continued from 1980 PA 89. The language in italic type is the new language added by 1982 PA 56.

If the Legislature had wanted the new statute to apply only prospectively, it would have been so much simpler to have changed the initial line quoted above so that it would read: "From the date this Act is signed and becomes law, and ending December 31, 1982, * * *". That the Legislature did not do so reveals to us a legislative intent to make the act retroactive. Thus, whether the new statute is viewed more as a clarification of a patent existing ambiguity, and we are persuaded it is such, or whether it is considered a retroactive application by the Legislature, in either event, the power to tax did not expire on either November 15, 1980, or April 16, 1981, and the estimated $18.7 million accumulated between November 15, 1980, and April 6, 1982, plus interest, shall be returned to SEMTA less expenses of collection with interest thereon which shall be returned to the Secretary of State.

Finally, intervening defendant OCRC argues that 1982 PA 56 when applied retroactively is unconstitutional because of being in violation of Const 1963, art 4, § 24, which provides in part that no law shall embrace more than one object which shall be embraced in its title. It is intervening defendant's argument that, since the title of the Metropolitan Transportation Authorities Act, 1967 PA 204, does not contain any mention of retroactive application to be given 1982 PA 56, to give retroactive application to 1982 PA 56 would be a violation of the constitutional prohibition against a

law embracing more than one object which shall be expressed in its title.

This argument has no merit since the constitutional provision in question is not construed so narrowly. *Midland Twp v State Boundary Comm,* 401 Mich 641, 655; 259 NW2d 326 (1977).

We commenced this opinion by raising two questions and stating that if the answer to each was in the affirmative the sums collected and presently held in escrow should be distributed to SEMTA. We have answered each question in the affirmative, though on the second question we believe 1982 PA 56 is more in the nature of clarification than a retroactive application. Accordingly, judgment is entered as follows:

1. In No. 65884 *(SEMTA V)* a writ of mandamus may issue directing the State Treasurer to disburse to SEMTA the approximate $18.7 million in funds escrowed from November 15, 1980, to April 6, 1982, plus interest, less necessary expenses of collection which, together with interest thereon, shall be disbursed to the Secretary of State.

2. In No. 66087 *(SEMTA VI)* the writ of mandamus requesting disbursement of funds accumulated prospectively from April 6, 1982, is approved in principle, but issuance thereof is moot by reason of this Court's order issued December 3, 1982, distributing SEMTA taxes escrowed, plus interest thereon, from April 6 through September 30, 1982, that being the last date of disbursement required by the statute. See fn 3 *supra.*

3. In No. 66129 *(SEMTA II On Remand),* the judgment granting mandamus entered by this Court in *Secretary of State v Dep't of Treasury,* 113 Mich App 153; 317 NW2d 238 (1982), is vacated and set aside. In lieu thereof, judgment denying mandamus is entered.

No costs, a question of public importance being involved.