EYDE CONSTRUCTION COMPANY v CHARTER TOWNSHIP OF
MERIDIAN

Docket No. 85074. Submitted October 16, 1985, at Lansing.—Decided
March 17, 1986.

Eyde Construction Company submitted to the Charter Township
of Meridian for the township's approval a proposed preliminary
plat for a subdivision it wanted to develop. Under a township
ordinance, 2.8 acres of land would have to be reserved and
dedicated for recreational or open space before the plat could
be approved. The township thus conditioned the approval of the
plat on the reservation, dedication, and development of 2.8
acres of recreation land. Eyde Construction Company filed suit
against the Charter Township of Meridian and others in Ing-
ham Circuit Court seeking declaratory and injunctive relief and
a writ of mandamus requiring the township to remove those
conditions from consideration when deciding whether or not to
approve the preliminary plat. The court, Jack W. Warren, J.,
granted the writ of mandamus ordering defendants to remove
those conditions for plat approval, finding as a matter of law
that the township lacked the authority to adopt its recreation
sites ordinance or to condition approval of Eyde's subdivision
plat upon the dedication, reservation, or improvement of recre-
ation land. Defendants appealed. *Held:*

1. The Subdivision Control Act is the controlling statute
against which Meridian Township's action must be measured,
and no express or reasonably implied authority exists under
that act which would authorize a township to condition plat
approval upon the dedication of recreation land by a subdivi-
sion developer.

2. It is not necessary to consider defendants' claim that the
township's recreation sites ordinance does not constitute an

REFERENCES

Am Jur 2d, Mandamus §§ 4 *et seq.*

Am Jur 2d, Municipal Corporations, Counties, and other Political
Subdivisions §§ 151 *et seq.*

Am Jur 2d, Statutes §§ 142-341.

See the annotations in the ALR3d/4th Quick Index under Manda-
mus; Towns.

unconstitutional taking of property for public use without the payment of just compensation.

Affirmed.

1. MANDAMUS — EQUITY.

Mandamus is appropriate only where it clearly appears that the plaintiff has shown that he has a clear legal right to the performance of a specific duty by the defendant and that the defendant has an incontrovertible legal duty to act in the manner so requested.

2. MANDAMUS — APPEAL.

The Court of Appeals will not interfere with a trial court's grant of mandamus if there is a firm legal basis to support the trial court's findings.

3. TOWNSHIPS — POWERS — CONSTITUTIONAL LAW.

Townships are creatures of the state Legislature and possess only such powers as are conferred by the Legislature; those powers include any which may be fairly implied from statutory powers and are to be liberally construed in favor of the townships (Const 1963, art 7, § 34).

4. STATUTES — JUDICIAL CONSTRUCTION — SUBDIVISION CONTROL ACT.

The words and phrases of any section of the Subdivision Control Act must be assigned such meanings as are in harmony with the whole statute, construed in the light of history and common sense (MCL 560.101 et seq.; MSA 26.403[101] et seq.).

5. TOWNSHIPS — SUBDIVISIONS — PLAT APPROVAL — RECREATIONAL LAND.

A township cannot condition the approval of a subdivision plat upon the dedication of recreation land by the subdivision developer (MCL 560.188[3]; MSA 26.430[188][3]).

*Dickinson, Wright, Moon, VanDusen & Freeman* (by *Joseph A. Fink*), for plaintiff.

*Foster, Swift, Collins & Coey, P.C.* (by *William K. Fahey*), for defendants.

Before: V. J. BRENNAN, P.J., and BEASLEY and J. P. NOECKER,* JJ.

BEASLEY, J. Defendants, the Charter Township of

* Circuit judge, sitting on the Court of Appeals by assignment.

Meridian and the Meridian Township Board of Trustees and Planning Commission, appeal from a judgment granting a writ of mandamus to plaintiff, Eyde Construction Company.

Plaintiff had sought a writ of mandamus in Ingham County Circuit Court to compel defendants to remove two disputed conditions from the preliminary plat approval of its subdivision project. The conditions required that plaintiff dedicate recreation land to the township in order to have its project approved. Plaintiff asserted that under the Subdivision Control Act of 1967, MCL 560.101 *et seq.;* MSA 26.403(101) *et seq.,* defendants lacked authority to condition plat approval upon the dedication of park land. On May 6, 1985, the trial court granted plaintiff a writ of mandamus ordering defendants to remove the dedication provisions as a condition to plat approval and defendants appealed as of right. On June 7, 1985, this Court stayed enforcement of the judgment entered by the trial court.

The facts which gave rise to this appeal are basically undisputed. Plaintiff was the owner of a parcel of real property in Meridian Township which it wanted to develop into a residential subdivision to be known as Shoals II. On February 14, 1984, plaintiff submitted a proposed preliminary plat for the Shoals II subdivision to the township for its review and preliminary approval. The proposed plat consisted of 95 single-family residential lots. In compliance with Meridian Township Ordinance Section 101-4.81(b3), which requires that subdivision plats reserve and dedicate three acres of land for recreation and/or open space for every one hundred dwelling units, the proposed preliminary plat submitted by plaintiff provided for a public park of 2.8 acres of land in the southwest corner of the subdivision.

Public hearings were subsequently held by the township planning commission on the proposed plat for Shoals II. The planning commission rejected plaintiff's initial placement of the proposed 2.8-acre recreation area within the plat, finding that the area was generally unsuitable for active recreational uses. After considerable further discussion, the parties finally agreed to a suitable location for the park. On June 20, 1984, the township board of trustees advised plaintiff of its approval of the preliminary plat for Shoals II, subject to seven conditions. For purposes of this appeal, only conditions 3 and 7 are important. These conditions provide:

"3. The applicant has agreed to provide an active recreation site north of the plat at the southeast corner of Hatch and Cornell Roads of approximately 2.8 acres in size pursuant to Section 101-4.81(b3), the applicant shall dedicate said recreational area to the Township prior to issuance of final plat approval for any phase of Shoals No. 2.

"That said dedication or deed shall contain a restrictive covenant that will require the Meridian Township Board to deed the property to a Shoals No. 1 and Shoals No. 2 homeowners association upon request by a formal resolution adopted by their homeowners association with a one-year time period of their formation.

\*    \*    \*

"7. The developer shall as part of the site preparation of this subdivision clear, grade, and seed the 2.8 acres of park land to conditions suitable for open field games as determined by the Director of Development Control."

Thereafter, plaintiff requested reconsideration of the action taken by the township board, asserting that the above quoted conditions placed on the preliminary plat approval were illegal under Michigan law, but defendant township rejected plaintiff's request for reconsideration.

On August 28, 1984, plaintiff filed suit against defendant Meridian Township seeking declaratory and injunctive relief and a writ of mandamus requiring the township to remove conditions 3 and 7 from the preliminary plat approval for Shoals II. Following the submission of briefs and oral argument, the trial court issued an opinion on November 26, 1984, finding as a matter of law that Meridian Township lacked the authority to adopt its recreational sites ordinance (§ 101-4.81[b3]) or to condition approval of plaintiff's subdivision plat upon the dedication, reservation or improvement of recreation land. In view of this ruling, the trial court found it unnecessary to consider plaintiff's additional contention that the township ordinance constitutes an unconstitutional taking of property without just compensation. The township subsequently filed a motion for rehearing, which was denied. On May 6, 1985, the trial court entered an order and judgment requiring defendant township to remove conditions 3 and 7 from the preliminary plat approval of Shoals II. Thereafter, defendants appealed and, as indicated, the judgment was stayed pending disposition of the appeal.

On appeal, defendants raise two issues. First, defendants claim that the township possesses the power to enact a valid ordinance requiring the dedication and improvement of park or recreation land as a condition to subdivision plat approval.

Generally, the issuance of a writ of mandamus is appropriate only when a plaintiff has clearly established that he has a legal right to the performance of a specific duty by the defendant, and the defendant has an incontrovertible duty to act in the manner so requested.[1] We do not interfere with the granting of mandamus if there is a firm

---

[1] *Khan v Jackson Prison Warden*, 128 Mich App 224; 340 NW2d 77 (1983).

legal basis to support the trial court's findings.[2] In this case, the trial court issued a writ of mandamus on behalf of plaintiff based on a finding that the actions taken by the township were not authorized by the subdivision control act or any other statutory provison. Therefore, the issues presented in this appeal are legal and mandamus is an appropriate remedy if we decide that the conditions imposed by the township for plat approval are in violation of the applicable law.

Townships are creatures of the state Legislature and only possess such powers as are conferred by the Legislature. A new section of the constitution, article 7, § 34 of the Michigan Constitution of 1963, provides that the powers conferred upon any township be liberally construed in its favor. The powers granted to townships by the Legislature include those that may be fairly implied from the statutory powers.[3] While this constitutional provision does not provide an independent grant of authority for a township to act in a particular area, its mandate of liberal construction does provide the framework for analysis of defendant township's statutory arguments.[4]

The Subdivision Control Act of 1967 (SCA), MCL 560.101 *et seq.;* MSA 26.430(101) *et seq.,* provides a comprehensive statutory scheme concerning the regulation of the subdivision of land. Any person dividing a tract of land which results in a subdivision as defined by the SCA must submit a plat to the applicable governing body for approval.[5] Sections 105 and 106 of the SCA set forth the conditions that a governing body, like Meridian Town-

---

[2] *Carlson v City of Troy,* 90 Mich App 543; 282 NW2d 387 (1979).

[3] See art 7, § 34 for specific language.

[4] *Arrowhead Development Co v Livingston County Road Comm,* 413 Mich 505, 511; 322 NW2d 702 (1982).

[5] MCL 560.103; MSA 26.430(103).

ship, may impose for the approval of a subdivision plat. Those sections provide in relevant part:

"Sec. 105. Approval of preliminary and final plats shall be conditioned upon compliance with:
"(a) The provisions of this act.
"(b) Any ordinance or published rules of a municipality or county adopted to carry out the provisions of this act.
"(c) Any published rules of the county drain commissioner, county road commission, or county plat board adopted to carry out the provisions of this act.

* * *

"Sec. 106. No approving authority or agency having the power to approve or reject plats shall condition approval upon compliance with, or base a rejection upon, any requirement other than those included in section 105." (Footnote omitted.)

In this case, since under the SCA the Meridian Township board was the approving authority, it could not, as a matter of law, condition approval of plaintiff's subdivision plat upon any requirement other than one of those encompassed by § 105.[6]

Defendant Meridian Township can point to no express provision of the SCA which vests a township with the authority to condition plat approval upon the dedication of parks or active recreation areas. In the within case, the township initially argues that the authority to condition plat approval upon the dedication of recreation land can be fairly implied from § 188(3) of the SCA, MCL 560.188(3); MSA 26.430(188)(3). Section 188 of the SCA provides as follows:

"Sec. 188. (1) If the subdivision includes or abuts certain improvements other that [sic] streets and alleys, such as county drains, lagoons, slips, waterways, lakes,

_____
[6] Arrowhead, supra.

bays or canals, which connect with or are proposed to connect with or enlarge public waters and such improvements are not in existence at the time of consideration by the governing body of the municipality, it may require, as a condition of approval of the final plat, the proprietor to enter into an agreement to construct such improvements within a reasonable time.

"(2) The governing body may require a cash deposit, certified check or irrevocable bank letter of credit whichever the proprietor selects, or surety bond acceptable to the municipality, covering the estimated cost of construction, to be deposited with the clerk of the municipality to insure the faithful performance of the agreement. Outlots or parks used as buffer strips, if between the boundary of the subdivision and such improvements, shall not alter the requirements of this section.

"(3) Any municipality may provide by ordinance for the installation of other improvements in addition to those required by this act. The governing body of the municipality, as a condition of approval of the plat, may require the proprietor to enter into an agreement, as provided in this section."

According to defendant township, the "other improvements" language of § 188(3) can reasonably be interpreted to include park and recreation land and, therefore, the township had the authority to require the dedication of recreation land as a condition to plat approval. While the term "other improvements" is not defined in the SCA, the township notes that other statutory provisions have defined the term "improvements" to include parks and recreation facilities.[7] Since the reservation of recreation land within a subdivision will presumably enhance the beauty and value of the subdivision, the township argues that dedication and improvement of recreation land must be con-

[7] See MCL 141.103(b); MSA 5.2733(b) and MCL 41.722(1)(d); MSA 5.2770(52)(1)(d).

sidered an "other improvement" upon which it can lawfully condition plat approval.

Because no express provision of the SCA permits Meridian Township to condition plat approval upon the dedication or reservation of park or active recreation land, the pertinent inquiry is whether that condition may be fairly implied from the statutory provisions cited by the township. In interpreting any section of the SCA, it must be remembered that the section exists and must be read in context with the entire act. In *Arrowhead Development Co v Livingston County Road Comm*,[8] we said:

"[T]he words and phrases used there must be assigned such meanings as are in harmony with the whole statute, construed in the light of history and common sense."

Prior to passage of the SCA, the subdivision of land was controlled by the plat act of 1929, MCL 560.1; MSA 26.431 (repealed). It was repeatedly held under the plat act that a governing body could *not* require the dedication, or money in lieu thereof, for park or recreation land as a condition to plat approval.[9] Thus, in enacting the SCA of 1967, we presume that the Legislature was aware of the court decisions which interpreted the prior act as not permitting the dedication of park or recreation land as a condition to plat approval.[10]

In view of this presumption, it would appear that if the Legislature intended to permit requiring the dedication of recreation land as a condition

[8] *Arrowhead, supra,* p 516.

[9] *Ridgemont Development Co v City of East Detroit,* 358 Mich 387; 100 NW2d 301 (1960); *Enchanting Homes, Inc v Rapanos,* 4 Mich App 109; 143 NW2d 618 (1966), lv den 378 Mich 740 (1966).

[10] *SEMTA v Dep't of Treasury,* 122 Mich App 92; 333 NW2d 14 (1982).

to plat approval, it would have done so expressly in the SCA and not by way of such indefinite, broad language as that contained in § 188(3). As stated by the trial court, "an intent to make such a drastic change in prior law must ordinarily be explicit". In addition, in a 1978 opinion, the Michigan Attorney General said that no provision of the SCA authorizes a municipality to require as a condition for plat approval the dedication, donation or deeding of lands or rights to land for public recreational purposes.[11]

We do not believe that any of the arguments made by the township in support of its position that § 188(3) authorizes it to condition plat approval upon the dedication of recreation land are persuasive. While the "other improvements" language of § 188(3) is extremely broad and arguably supports the township's contention, when read in context with the other improvement language in §§ 188(1) and (2), it does not appear to have been intended to provide a township with such expansive authority. The bulk of § 188 was taken from § 24 of the plat act, MCL 560.24; MSA 26.454 (now repealed). Prior to its repeal, § 24 indicated that improvements included parks. However, § 188 specifically omitted the word parks in reference to the term improvements and added subsection 3. Given the structure of § 188, it appears that the term "other improvements" was intended to refer to improvements similar to those mentioned in § 188(1), and it was not intended to grant a township the authority to impose any condition upon plat approval which it considered "an improvement". The other statutes relied upon by the township, which define the term improvements to include recreation land, do not control the interpretation of § 188(3) because those statutes clearly

[11] OAG, 1977-1978, No 5363, pp 619, 622 (September 14, 1978).

refer to different types of activities to be undertaken by a municipality other than plat approval. Thus, we believe that § 188(3) cannot be given the broad reading urged by the township.

We also note that the SCA does contain references to park and recreation areas, but those sections provide that land intended for parks on the plat shall be held by the municipality to be used for such purposes.[12] However, the SCA does not contain a provision which specifically permits an approving authority to condition approval of a plat upon the dedication of recreation land. In addition, in those sections of the SCA in which dedication can be required as a condition to plat approval, the requirement of dedication is expressly provided.[13] There is no similarly stated requirement to dedicate or improve recreation land as a condition to plat approval. Therefore, we conclude that no express or reasonably implied authority exists under § 188(3) of the SCA which would authorize a township to condition plat approval upon the dedication of recreation land by a subdivision developer. A similar conclusion was reached in 66 Mich L Rev 3, 32 (1967), by Professor Roger A. Cunningham, where he said: "It should be noted that the Subdivision Control Act of 1967 contains no authorization for municipalities to require either dedication or reservation of subdivision land for recreational use."

Defendant township also argues that several other statutory enactments expressly grant it the authority to enact its recreation sites ordinance and thereby authorize the township to condition plat approval upon the dedication of recreation land. The trial court refused to consider these other possible statutory bases, finding that the

---

[12] See MCL 560.253; MSA 26.430(253).

[13] See e.g., §§ 192, 184, 182 and 183.

SCA, as a specific statute directly relating to the issue presented, controlled over other general law that might otherwise be applicable.[14] The trial court acknowledged that the other statutory bases cited by the township did relate to the authority of townships to regulate land use, but concluded that the SCA need only be applied because it specifically deals with the authority of a township to set conditions for the approval of subdivision plats.

The township argues, however, that instead of ignoring the other statutory bases, the trial court should have attempted to harmonize them with the provisions of the SCA. According to the township, any conflict between the other various statutes and the SCA would have been avoided in this case if the trial court had given effect to § 259 of the SCA, MCL 560.259; MSA 26.430(259), which provides:

"Sec. 259. The standards for approval of plats prescribed in this act are minimum standards and any municipality, by ordinance, may impose stricter requirements and may reject any plat which does not conform to such requirements."

The township asserts that, since § 259 expressly authorizes a municipality to impose stricter requirements, there can be no conflict between the SCA and the other statutes which expressly authorize a municipality to control land use. However, we believe that defendant township misinterprets the intent and meaning of § 259. The township's interpretation of § 259 would seem to have the effect of authorizing a municipality to impose *any* other requirement, not just those conditions authorized by the SCA as provided for in §§ 105

[14] See *Huxtable v Meridian Charter Township Bd of Trustees,* 102 Mich App 690; 302 NW2d 282 (1981), *lv den* 412 Mich 855 (1981).

and 106. If that had been the intent of the Legislature, then it would have, and should have, clearly so provided. Instead, § 259 merely authorizes a municipality to impose stricter requirements than those minimal requirements set forth in the various other provisions of the act, but we do not believe it was intended to grant a municpality the authority to mandate conditions of a different kind.

Various provisions of the SCA provide for specific width, length, location and lot size requirements that must be followed in every subdivision.[15] Section 259 was intended to authorize a municipality to require stricter requirements than those minimal requirements for lot size or width requirements as provided for in the SCA. We do not find any authority for the proposition that § 259 authorizes a municipality to require the dedication of recreation land as a condition to subdivision plat approval. Therefore, we reject the township's argument that § 259 supports the proposition that statutory enactments other than the SCA can be used as authority to impose specific conditions on plat approval not otherwise authorized by the SCA.

Defendant township also argues that other statutes such as the municipal planning act, MCL 125.44; MSA 5.3004, and the Township Rural Zoning Act, MCL 125.271; MSA 5.2963(1), afford a statutory base for its action here. We do not agree. We believe that the Subdivision Control Act of 1967 is the controlling statute against which Meridian Township's action must be measured. The SCA is a comprehensive statute dealing with the subdivision of land and controls over the other general statutes cited by the township.[16]

---

[15] See MCL 560.186; MSA 26.430(186).

[16] *Flint Board of Education v Williams,* 88 Mich App 8; 276 NW2d 499 (1979).

Similarly, the cases cited by the township from other jurisdictions are not controlling here where the pertinent issue is whether the Michigan Legislature intended to authorize a township to require dedication as a condition precedent for subdivision plat approval. The authority to impose such conditions must be found in the Michigan statutes and, more particularly, in the SCA.[17]

To find as we do here that the present statutory law in Michigan does not grant such authority to a township is not to indicate that we believe that such a grant of authority would be unwise. On the contrary, a strong case could be made to the Legislature for enactment of statutes expanding local public recreation areas with appropriate safeguards for property owners.[18] However, the ultimate answer to whether a township should be permitted to condition plat approval upon the dedication of recreation land is an issue that should be decided by the Legislature and not by the courts. Under current Michigan legislation, such municipal authority does not exist.

Second, defendants claim that their recreation sites ordinance does not constitute an unconstitutional taking of property for public use without

[17] *Dep't of Conservation v Connor*, 321 Mich 648; 32 NW2d 907 (1948).

[18] In 66 Mich L Rev 3, *supra*, p 78, Professor Cunningham, in his detailed analysis of the Subdivision Control Act, makes just such an argument. Noting that the desirability of such an authorization, if carefully framed, seems clear, he makes specific proposals for improving the SCA. First, he proposes a clearer definition of the powers of a municipality's planning commission to adopt subdivision regulations and to administer the regulations by exercise of the plat approval power. Specifically, he says:

"Second, such municipalities should be authorized to adopt regulations requiring the conveyance or dedication of land for parks or playgrounds in accordance with a previously adopted open space plan or in accordance with standards set out in the subdivision regulations."

the payment of just compensation. In view of our affirmance of the trial court's judgment for the reasons that defendant Meridian Township lacks statutory authority to enact an ordinance permitting it to require dedication of land for recreation purposes as a condition of plat approval, there is no necessity to consider and decide defendants' second issue.

Affirmed.