VILLA de CHARLEVOIX PROPERTY OWNERS ASSOCIATION v
DILWORTH

Docket No. 88578. Submitted January 12, 1988, at Lansing. Decided
    December 19, 1988.

Robert and Rita Dilworth and Robert and Mitzi Fritz owned
    three lots in Villa de Charlevoix subdivision and nearby parcels
    of land outside the subdivision. The Dilworths and Fritzes
    conveyed the parcels outside the subdivision. The conveyances
    for these parcels included easements for the installation of ·
    septic tanks and drain fields on portions of the lots in the
    subdivision. The Villa de Charlevoix Property Owners Associa-
    tion, through its board of directors, brought an action in
    Charlevoix Circuit Court against the Dilworths, the Fritzes,
    various county agencies and the purchasers of the nearby
    parcels, seeking injunctive relief and alleging that the granting
    of the easements constituted a subdividing of the subdivision
    lots in violation of provisions of both the Subdivision Control
    Act and the local zoning ordinance and that the granting of the
    easements violated certain restrictive covenants of the recorded
    declarations creating the subdivision. The circuit court, Richard
    J. Pajtas, J., granted defendants' motion for summary disposi-
    tion as to the Subdivision Control Act and zoning ordinance
    counts, holding that the granting of the easement did not
    constitute subdivision of the land within the meaning of the act
    or the ordinance and, following a trial on the other count,
    found as a matter of fact that defendants had secured approval
    of the septic systems from the subdivision's architectural con-
    trol committee as required by the restrictive covenants. Plain-
    tiff appealed.

    The Court of Appeals held:

    1. The granting of the easements for the septic systems upon
    the lots in the subdivision did not constitute an act to subdivide
    those lots within the meaning of the Subdivision Control Act or
    the local zoning ordinance. The trial court, accordingly, prop-
    erly granted summary disposition as to those counts.

    2. While the evidence was controverted, the trial court did

REFERENCES
Am Jur 2d, Zoning and Planning §§ 163 et seq.
See the Index to Annotations under Subdivisions.

not abuse its discretion by holding that the architectural control committee approved the planned use of the subject lots. Affirmed.

WORDS AND PHRASES — SUBDIVIDE — SUBDIVISION CONTROL ACT — REAL PROPERTY — EASEMENTS.

A landowner in a platted subdivision, by granting to nearby landowners easements for the construction of septic fields upon his land, does not thereby subdivide his land within the meaning of the Subdivision Control Act (MCL 560.102[d]; MSA 26.430[102][d]).

*Stroup, Mulhauser, Johnson & Tresidder, P.C.* (by *Frederick R. Mulhauser*), for plaintiff.

*Marco, Litzenburger, Smith, Brown & Wynn, P.C.* (by *Seberon Litzenburger* and *James F. Wynn*), for defendant.

Before:. HOLBROOK, JR., P.J., and WAHLS and G. B. FORD,* JJ.

G. B. FORD, J. Plaintiff appeals as of right from an October 23, 1985, order granting partial summary disposition in defendants' favor and from an August 12, 1986, judgment of no cause of action entered in Charlevoix Circuit Court. We affirm.

Plaintiff is an association of property owners in the Villa de Charlevoix subdivision in Charlevoix County, Michigan. Defendants Robert and Mitzi Fritz and Robert and Rita Dilworth own three lots in the subdivision. Defendants Fritz and Dilworth conveyed parcels of land outside the Villa de Charlevoix subdivision to other defendants named in this suit. Included in such conveyances were easements for the installation of septic tanks and septic tank drain fields on portions of the three lots within the Villa de Charlevoix subdivision owned by defendants Fritz and Dilworth.

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

Plaintiff sought an injunction in April, 1984, to prevent defendants Fritz and Dilworth from using their lots as septic sites for property owners outside the Villa de Charlevoix subdivision. Plaintiff alleged that defendants Fritz and Dilworth had subdivided their lots in violation of the Subdivision Control Act, MCL 560.186, 560.263; MSA 26.430(186), 26.430(263), and the Bay Township Zoning Ordinance. Plaintiff also alleged that defendants Fritz and Dilworth had not received approval for the easements from its architectural control committee, in violation of plaintiff's recorded declaration of restrictive covenants.

The circuit court granted defendants' motion for summary disposition under MCR 2.116(C)(8) as to the alleged violations of the Subdivision Control Act and Bay Township Zoning Ordinance. The court found that the conveyances of easements were not acts constituting subdivision for purposes of the statute and ordinance.

The case was tried on the alleged violation of plaintiff's restrictive covenants. The circuit judge determined as trier of fact that defendants Fritz and Dilworth were obligated to obtain the approval of plaintiff's architectural control committee for use of their lots as septic sites. However, in the face of conflicting testimony on this subject, the circuit judge determined that plaintiff's approval had been obtained with respect to all three lots.

Plaintiff challenges on appeal the circuit court's finding that defendants Fritz and Dilworth had not subdivided their Villa de Charlevoix property and the court's determination that those defendants had obtained plaintiff's approval for use of their lots as septic sites.

The Subdivision Control Act, MCL 560.101 *et seq.*; MSA 26.430(101) *et seq.*, requires a person

subdividing a tract of land to submit a plat to the applicable governing body for approval. *Eyde Construction Co v Meridian Twp,* 149 Mich App 802, 807; 386 NW2d 687 (1986); MCL 560.103; MSA 26.430(103). "Subdivision" is defined in § 102(d) of the act, MCL 560.102(d); MSA 26.430(102)(d), as follows:

> "Subdivide" or "subdivision" means the partitioning or dividing of a parcel or tract of land by the proprietor thereof or by his heirs, executors, administrators, legal representatives, successors or assigns for the purpose of sale, or lease of more than one year, or of building development, where the act of division creates 5 or more parcels of land each of which is 10 acres or less in area; or 5 or more parcels of land each of which is 10 acres or less in area are created by successive divisions within a period of 10 years.

The issue of whether a septic easement is a "subdivision" regulated by the Subdivision Control Act is one of first impression in this state. We agree with the circuit court that there has been no subdivision in this case because the conveyances of easements by metes and bounds descriptions for septic and drain field purposes did not create multiple parcels. The conveyances left the original parcels intact, but encumbered them by the easements. For "subdivision" to occur as defined in the Subdivision Control Act, the grantee must acquire some exclusive rights in the subject parcel. OAG, 1975-1976, No 4912, p 261 (January 26, 1976). Here, defendants Fritz and Dilworth retained title to the lots in the Villa de Charlevoix subdivision. The grantee codefendants obtained no exclusive rights to any particular portions of the lots. As there was no subdivision here as defined by statute, the circuit court correctly granted defendants'

motion for summary disposition with respect to the Subdivision Control Act.

We sustain the circuit court's granting of summary disposition with respect to the Bay Township Zoning Ordinance for the same reason. A violation of the ordinance occurs when a lot has been "divided, altered, reduced or diminished so as to make the resulting dimensions less than the minimum requirements set forth in the ordinance." Article IV, § 4.1(c). As there has been no division of the subject lots in this case, there can be no violation of the zoning ordinance.

Plaintiff requests this Court to find an abuse of discretion in the circuit court's decision that plaintiff's architectural control committee approved defendants' planned use of the subject lots. We will not set aside the lower court's findings of fact unless they are clearly erroneous. MCR 2.613(C). A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been committed. *Tuttle v Dep't of State Highways*, 397 Mich 44, 46; 243 NW2d 244 (1976).

There was conflicting evidence at trial as to whether plaintiff's architectural control committee had given its approval to defendants' planned use of the subject lots. A letter of February 9, 1978, was introduced, which granted approval for septic systems and drain fields on the two Fritz lots. This letter was signed by Ronald Powers, who testified that he was a member of the architectural control committee from 1976 to 1979. Powers further testified that he was the only one of the committee's three members who was against the proposed plan. He specifically recalled the committee giving approval to defendants' requested use for all three lots, despite the fact that the letter applied on its

face only to the Fritz lots. Powers testified that approval on such matters was generally handled informally and that it was customary for only one committee member's signature to appear on an approval letter.

The deposition testimony of Paul Burkell, another committee member, was to the contrary. Mr. Burkell testified that he never saw any documents purporting to divide the Fritz lots into septic fields or drain easements and that the committee had never approved such a plan. Mr. Burkell also did not believe that Mr. Powers had been a member of the architectural control committee in 1978.

We find nothing clearly erroneous in the circuit judge's determination that Mr. Burkell's testimony was more equivocal than Mr. Powers'. Mr. Burkell could not recall that Mr. Powers had been on the architectural control committee during the relevant time period, a fact which impeaches the credibility of his recollection regarding committee approval of the easements at issue in this case. Mr. Powers, on the other hand, signed the letter giving approval despite his view that approval should have been withheld. His opposition to defendants' proposed use of their lots lends further credibility to his trial testimony, which was favorable to defendants. Accordingly, we will not set aside the circuit court's finding that plaintiff approved defendants' proposed use of the subject lots.

Affirmed.